(No. 14173.—Judgment affirmed.)

THE MODERN WOODMEN OF AMERICA *vs.* CLARA S. AL-
LIN *et al.*—(FLORENCE A. INGALLS *et al.* Appellants,
*vs.* CLARA S. ALLIN, Appellee.)

*Opinion filed December 22, 1921—Rehearing denied Feb. 10, 1922.*

1. BENEFIT SOCIETIES—*construction of provision making "wife and children" beneficiaries.* A provision in a benefit certificate which reads that the benefit fund shall "be paid at his [the member's] death to wife and children," without naming them, means that the fund shall be paid to such persons as answer the description of wife or children at the death of the member; and if the first wife dies and the member marries again, the second wife, in the absence of any express change of beneficiaries, is entitled to share in the benefit fund with deceased member's living children.

2. SAME—*when wife of deceased member is entitled to lien on benefit fund for payment of dues.* In a benefit certificate payable to the "wife and children" of the deceased member the wife is entitled to an equitable lien on the benefit fund for the amount of dues paid by her to keep the certificate in force, and she is entitled to be paid said amount before the remainder of the fund is distributed among the beneficiaries.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

ELLIOTT R. GOLDSMITH, for appellants.

SAMUEL GROSSMAN, and LEWIS F. BAKER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The Modern Woodmen of America filed its bill of interpleader in the circuit court of Cook county to have determined conflicting claims to a benefit fund of $3000 under a benefit certificate issued to Richard H. Allin in 1887, whereby the society agreed to pay to the wife and children of the member, at his death, $3000. The benefit certificate

read, a benefit fund not to exceed $3000 should "be paid at his [the member's] death to wife and children." At the time the certificate was issued, in 1887, Allin was married and had four children. His wife's name was Arabella M. Allin. Twenty years afterwards, in 1907, Arabella M. died, leaving her husband and their four children surviving. Allin married again, his second wife's name being Clara S. Allin. No children were born of this marriage. Allin died in December, 1918, leaving surviving him his widow, Clara S., and the four children of his first wife, and a dispute arose as to who was entitled to the fund. No change in the name of the beneficiaries had ever been made, and the widow claimed an equal interest in the fund with the children of deceased, and also reimbursement of the amount of $320 she had paid of her own money in dues on the certificate to keep it in force. The children disputed the validity of her claim, which caused the society to file its bill of interpleader. The widow and children filed answers, setting up their claims to the fund. The society paid the money into court and was dismissed out of the suit. The issues made by the widow and children were referred to a master in chancery to take testimony and report his conclusions. The master reported recommending a decree awarding the entire fund to the children of the deceased member. The court entered a decree as recommended by the master, awarding the entire fund to the four children after deducting the costs of the litigation. The widow prosecuted an appeal to the Appellate Court, and that court reversed the decree of the circuit court. The Appellate Court held the widow was entitled to $320 dues paid by her to keep the certificate in force and the remainder of the fund was divided in five equal shares among her and the children. That court reversed the decree and remanded the case, with directions to enter a decree accordingly. A certificate of importance was granted, and the children have prosecuted an appeal to this court.

The first and principal question involved is whether the word "wife," as employed in the benefit certificate, means only the person who sustained that relation to the member when the certificate was issued, in 1887, or whether it means the person who sustained that relation at the time of his death. The benefit certificate reads that Richard H. Allin has become a member of the order and while in good standing is entitled to participate in the benefit fund to an amount not exceeding $3000, "which shall be paid at his death to wife and children," subject to the conditions named on the back of the certificate and the society's fundamental laws. At the time the certificate was issued the laws of the society provided they might be amended at a regular or special meeting by a two-thirds vote. The laws in force at the time of the death of Arabella M. Allin, the first wife, provided that if a beneficiary died before the death of the member, upon a failure to designate another beneficiary the benefits "shall be payable to the other surviving beneficiaries, if any there be, or if no beneficiaries survive him, then to the wife of such neighbor if she survive him, and in case he has no surviving wife, to his legal heirs." Subsequently, and before Allin's death, the by-laws were amended, but the provision to meet the contingency of the death of a beneficiary before the death of the member and no other beneficiary being named was not essentially changed. Allin made no change in the beneficiaries designated when the certificate was issued, in 1887, when Arabella M. was his wife.

Appellants, who are the children of Richard H. Allin, contend that the words in the certificate, "to be paid at his death to wife and children," mean that payment was to be made to his then wife and children upon the death of the member; that Arabella M. being then his wife she was designated as one of the beneficiaries, and upon her death, no other beneficiary having been named in her place, the entire fund became payable to the children as surviving beneficiaries. On the other hand, the appellee contends that no

specific person was designated to take the fund; that the designation of beneficiaries was of classes, and as the certificate speaks at the death of the member, the beneficiaries answering the description in the certificate are entitled to the fund.

Our attention has not been called to a decision of this or a similar question by any court of last resort. A few intermediate courts of appeal have passed on the question but their decisions are not in harmony. We are then left to decide the question from a consideration of the language of the certificate and of the object of benefit societies to afford protection to the families and dependents of members of such societies after the member's death. We know of no valid objection to a member designating beneficiaries by classes, such as children, or wife and children, as was done in this case. If instead of designation by classes they had been designated by their individual names they would take by that description if living at the death of the member. Here one of the classes designated was the member's wife. The person answering that description at the time the certificate was issued died before the death of the member and at his death another woman answered that description. One of the objects of Allin in securing the certificate was to secure a fund for the benefit of the members of his family at his death. He designated as beneficiaries classes bearing a certain relationship to him,—*i. e.*, wife and children. He knew no payment could be made until his death, and then only to persons answering the description of the beneficiaries. His four children were born before the date of the certificate and all of them are still living. More than ten years elapsed after Allin's second marriage before his death, but no change was made by him in the designation of his beneficiaries. At the time of his death appellee answered the description of one of his beneficiaries. We think the language of the certificate must be construed to mean that when he died he wanted his wife to share in the bene-

fits, without regard to whether she was the same person who was his wife when the certificate issued. The construction that the designation of wife meant Arabella M. Allin as much as if she had been specifically named as a beneficiary is in our opinion unwarranted. It was the person who at his death answered the description of the class designated that he desired to protect. We have said appellants, who are the four children of Allin, were born before the benefit certificate was issued. He designated them as beneficiaries by the description of "children." If another child or children had subsequently been born and survived the father such child or children would certainly have been entitled to share in the fund, but if the certificate is to be construed as appellants contend they would not have been protected. The four children were not designated by name, but it clearly was the intention of Allin to provide a fund for the benefit of all of his children who survived him, and it does not seem reasonable to construe the certificate to protect only such as were born before it issued. The same rule of construction would apply to a beneficiary designated as "wife." The person answering that description at the death of the member, when the certificate speaks for the first time, is within its protection.

The proof shows that appellee paid out of her own funds, for dues on the certificate to keep it in force, $320. She is entitled to an equitable lien on the fund for that amount, and to be paid that amount before the remainder of the fund is distributed among the beneficiaries. *Royal Arcanum* v. *Tracy,* 169 Ill. 123; *McGrew* v. *McGrew,* 190 id. 604.

It was no abuse of the discretion of the court to order the costs of the litigation paid out of the fund.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*