## Sun Life Assurance Company of Canada, v. Vera Williams, Appellee, and Carl S. Williams, Appellant.

### Gen. No. 38,650.

Opinion filed March 23, 1936.

WALTER E. BEEBE, of Chicago, for appellant.

BENJAMIN H. EHRLICH, of Chicago, for appellee; AARON H. COHN, of Chicago, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Vera Williams, the divorced wife of Weir Williams, and Carl S. Williams, his father, are rival claimants for the proceeds of an insurance policy issued by plaintiff on the life of Weir Williams, now deceased. The Sun Life Assurance Company of Canada, a corporation, plaintiff, filed its bill of interpleader in court and

deposited $9,451.81, the proceeds of the policy; answers and amended answers were filed by both claimants; the court awarded the proceeds to Vera Williams, and Carl Williams appeals.

Vera Williams was the beneficiary in the policy when issued; the insured attempted to change the beneficiary to Carl S. Williams; we are asked to determine whether this attempted change was effective.

There is virtually no dispute as to the facts. May 5, 1930, plaintiff issued its policy of insurance on the life of Weir Williams in the sum of $10,000, naming Vera Williams, his wife, as beneficiary; the lesser amount deposited in court by the plaintiff is due to the fact that the insured borrowed a certain sum against the loan value of the policy, which was deducted from the amount called for on the face of the policy.

The policy contains a provision as follows:

"This policy is issued with the express understanding that, provided he has not assigned it or any interest therein, the assured may, without the consent of the beneficiary, (a) change the beneficiary or beneficiaries from time to time during the continuance of this policy by filing with the Company a written request in such form as the Company may require, accompanied by this policy, such change to take effect only upon the endorsement of the same on the policy by the Company."

May 20, 1935, Weir Williams and Vera, his wife, were divorced; June 20th the insured executed, on a form supplied by the insurance company, a request that the beneficiary be changed to "Carl S. Williams, father"; the insured died on the same day, June 20, 1935; two days later proofs of his death were filed with the company; the request for change of beneficiary was received at the home office of the company on June 25th and the company acknowledged receipt; on June 27th

the change of beneficiary from Vera Williams to Carl S. Williams was indorsed on the policy.

Vera Williams says that because the indorsement of the change of beneficiary was not made on the policy until after the death of the insured it was ineffective. Carl Williams says that where the insured has done all required of him to change the beneficiary, the indorsement on the policy is merely a ministerial act, for the protection of the insurance company, and when made effectually accomplishes the change.

The first position finds support in *Freund v. Freund,* 218 Ill. 189, *McEldowney v. Metropolitan Life Ins. Co.,* 347 Ill. 66, and *Equitable Life Assur. Soc. v. Stilley,* 271 Ill. App. 283. The last two cases are bottomed on the opinion in the *Freund* case, although the *McEldowney* case was, primarily, based on the fact that there was no sufficient request made to the company for a change of beneficiary. The *Freund* case rested upon a statute of the State of New York, the home State of the insurance company, which was to the effect that no change of beneficiary could be accomplished except by the indorsement of the same upon the policy, which indorsement was never made. In the present case plaintiff's home office is in Montreal, Quebec, which has no statute like that in New York. But this is not important, as the provision in the instant policy is substantially like the New York statute.

*Kavanagh v. New England Mut. Life Ins. Co.,* 238 Ill. App. 72, involved facts similar to those in the instant case. The Appellate Court did not apply the law as announced in the *Freund* case but distinguished the case before it from that case in that the decision in the *Freund* case was based largely on a statute of the State of New York, in which the insurance company was incorporated, and that the company never consented to the change of beneficiary. The decision in the *Freund* case has been the subject of criticism by courts in other

jurisdictions. In 78 A. L. R. 974, it is said that by the great weight of authority a change of beneficiary can be accomplished without a complete compliance with the conditions of the policy regarding the indorsement of the insurer. This is followed by a long list of supporting decisions in other jurisdictions. In *Barrett v. Barrett,* 173 Ga. 375, the opinion commented upon the *Freund* case and refused to follow it. In *McDonald v. McDonald,* 212 Ala. 137, the court referred to the *Freund* decision, noting that it seems to have been governed in large part by a statute of the State of New York, and saying, ''But, however that may be, by the weight of authority and what appears to us to be the better reason, we are led to'' a contrary conclusion.

An examination of decisions in New York indicates a similar divergence of views from that expressed in the *Freund* case. *White v. White,* 194 N. Y. S. 114, involved facts like those in the instant case. There the insured on August 30, 1921, signed a request for a change of beneficiary; he died on the same day; the request reached the office of the insurance company one or two days thereafter; the policy contained a provision that a change of beneficiary shall take effect upon the indorsement of such redesignation of beneficiary upon the policy, ''and not before,''—a provision substantially the same as the New York statute. The court said this provision ''is clearly placed in the contract by the insurer for the protection of the company itself, to avoid a multiplicity of claimants, and can be used by such insurer as a defense in an action at law to recover the amount of the policy; but such defense can be waived by the company insuring, as in this case, by its indorsing such new designation thereon, and further by its paying the money into court and refusing to defend. The neglect to make this indorsement is not available in an action brought by a beneficiary to nullify the act of the insured in making a redesignation of

a new beneficiary.'' (Citing a number of cases.) The court further said:

"The main contention here is that the insured did not comply with the regulations of the contract as to change of beneficiary, and that therefore the attempted transfer was void, and that the defendant did not acquire any right, title, or interest by this so-called redesignation. Many cases bearing on the question here involved are cited, and from an examination of them it will appear that, while a change of beneficiaries must be made under certain formalities for the protection of the insurer, yet, in cases where the company has waived defending by interpleading, and has paid the money into court, and has no further interest in the litigation between the parties, a far more liberal rule obtains, and that courts of equity seek to do that which the insured apparently intended to have done. . . ."

That opinion points out the distinction in *Thomas v. Thomas,* 131 N. Y. 205, cited here by counsel for Vera Williams. In the latter case the insured attempted to add an additional beneficiary by merely inserting the name of the new beneficiary in the certificate of insurance; under the by-laws of the company each member was required to apply for such a change, surrender the certificate and receive another; it was held there was no valid change of beneficiary. The opinion in the *White* case notes a number of other cases decided in New York, as well as other States, and held that when the insured exercised his right to change the beneficiary the company became bound to make the change requested. An officer of the insuring company testified in that case that the indorsement on the policy was not ''a consent'' but is ''an indorsement of the change made by the insured.''

This construction seems to us in accord with reason. The designation of a beneficiary in the first instance is left to the exclusive wish of the insured; the insuring

company is not concerned, except to be informed of the name of the beneficiary; where the right to redesignate the beneficiary is reserved in the policy the insuring company is no more concerned than in the first instance; the change is not conditioned upon the consent of the insurer; the change, so far as any beneficiary is concerned, is effected when the insured in due form makes the change; the indorsement by the insuring company merely registers the name of the new beneficiary.

This construction of the provision disposes of any question of a vested interest in the first named beneficiary. When the beneficiary is redesignated by the insured all interest of the prior beneficiary is terminated.

The written indorsement may be waived by the company, but the indorsement on the policy registers the intention of the company to recognize the new beneficiary, and where, as here, the company makes no defense as to liability, but by interpleader brings the money into court, it makes a further recognition of its duty to make the indorsement as requested by the insured.

Other points are raised by counsel which, in view of what we have said, it is unnecessary to discuss. Our conclusion that the provision in the policy is for the protection of the insurance company, whose action in this respect cannot be questioned by a former named beneficiary, determines the decisive question in this case.

For the reasons indicated the decree is reversed and the cause is remanded, with directions to award the fund brought into court by the company to Carl S. Williams.

*Reversed and remanded with directions.*

MATCHETT and O'CONNOR, JJ., concur.