## JOHN HANCOCK MUT. LIFE INS. CO. v. DOUGLASS.

## KELLY v. SAME.

### No. 8948.

Circuit Court of Appeals, Seventh Circuit.

June 27, 1946.

Harry J. Myerson, Harry George, and Meyer Abrams, all of Chicago, Ill., for appellant.

Walter B. Prendergast and John P. Carey, both of Chicago, Ill., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal in an interpleader suit, instituted by the insurer, John Hancock Mutual Life Insurance Company, against appellant and appellee. The full amount due on the policy was paid into court, and the Company was discharged from further liability. The question here presented is whether the insured had effectively changed the beneficiary of his policy, No. 1963884, from Margaret, his wife at the time the policy issued,

to Lauretta, his wife at the time of his death. The court found that no change in the designation had been made during the lifetime of the insured, and accordingly held that the beneficiary originally named was entitled to the proceeds of the policy.

The facts were shown entirely by documentary evidence, submitted at pre-trial conference, consisting of admissions, a letter of an agent of the insurer to its home office relating to the policy involved and two others, the policy in suit, an affidavit of appellant to which was attached the beneficiary nomination form upon which she relies, and interrogatories and answers of appellee to be filed thereafter. The parties stipulated at this conference that these items constituted all the facts in the case, although they did not stipulate to their correctness. There was no further hearing. The court took the cause under advisement, granting leave to the parties to file briefs after the filing of the interrogatories and answers referred to in the stipulation. Subsequently the court handed down its memorandum stating: "Although the evidence indicates that the deceased insured herein may have contemplated a change of beneficiary on the insurance which is the subject of this suit, he never actually completed such change of beneficiary and at the time of his death the only beneficiary was Margaret Kelly Douglass. Accordingly I find that she is entitled to the funds on deposit under this interpleader."

He thereupon directed counsel for appellee to prepare and file proposed findings of fact and conclusions of law and a draft of proposed decree consistent with the views expressed in his memorandum, granting leave to appellant to file observations and suggestions thereto, and to appellee to answer such suggestions, and stating that the matter would be decided without further argument.

Because of the extraordinary brevity of the findings of fact and conclusions of law (all were telescoped into ten short paragraphs without distinction between fact and law), only three present any question on this appeal: That no change in the designation of the beneficiary under the policy was made during the lifetime of the insured; that the issues were in favor of defendant, Margaret and against defendant, Lauretta; and that Margaret was entitled to the sum of $1,877.28, the amount on deposit in the cause.

The policy contains two provisions relating to change of beneficiary: (1) A question in the body of the application, "Do you reserve the right to change the beneficiary from time to time," which the insured answered in the affirmative; and (2) a clause providing, "If the right has been reserved, the Insured may change the beneficiary from time to time, subject to the rights of any assignee, by written request upon the blanks of the Company filed at its Home Office, but such change shall take effect only upon endorsement hereon."

The evidence relating to the alleged change of beneficiary is contained in two documents. The first is a letter, dated October 15, 1943, written by the District Manager of the Insurer, asking for instructions as to the disposition of the benefits of the policy. He stated that on October 2, appellant called at the office and presented certain weekly premium policies with one change in beneficiary form signed by the insured as E. J. Kelly, without a witness to the signature, "nor was the change * * * completed with regard to the nomination of the new beneficiary." He further stated that he explained to appellant that the form would not be acceptable because it was not signed correctly, with no witness to the signature appearing on the form, and the new beneficiary's name not entered. He prepared a form for use in changing the beneficiary of an ordinary policy, the one here involved, which appellant had also presented for change of beneficiary. He further stated that on October 8, he was advised that the insured had died, and on October 13, appellant and the mother of the insured had called on him and stated that the insured had intended to change the beneficiary but was unable to because of the death of a friend, and that after he returned from the funeral, as he was putting his car in the garage, he injured his thumb, causing an infection which developed so rapidly that he had to enter a hospital the following day. There he developed pneumonia which caused his death five days after the injury. According to the agent,

the premiums had been paid by the mother of the insured, and she obtained the change of beneficiary form presented to him and by him rejected. He also stated that he was informed that the insured had been divorced from the named beneficiary about six years before, and that the divorced wife had resumed her maiden name and then remarried two months later. He stated that Margaret had never had possession of the policies or paid any premiums thereon. Appellee, in answering the interrogatories, stated that she had turned the policies over to the insured prior to the divorce and paid no premiums thereafter.

The second piece of documentary evidence relating to the change was the affidavit of appellant to which was attached the form relied upon to effect the change. In the affidavit she stated that the form was executed by the insured on October 2, 1943, in the presence of herself and his mother, and that she then tendered the form together with the policies to the agent at the local office of the insurer, but that he refused to accept the change of beneficiary form, giving her instead, three other forms for execution by the insured, and stating that the rejected form was not sufficient for the reason that it was signed with the initials instead of the full first name of the insured. She also stated under oath that the form as attached to her affidavit was in the same condition as of the date of execution thereof.

The pertinent portions of the change of beneficiary form upon which appellant relies are as follows:

"I hereby revoke all prior designations of beneficiary under Policy Nos. 15932809, 15964747, 1963884 and request that ....... Lauretta Kelly ....... (relationship to insured) wife, residence 4236 Madison 41 be recognized as beneficiary thereunder.

     \*     \*     \*     \*     \*     \*

              (Signed)    E. J. Kelly
Witness ................
Date ........, 19.. Address ...........,"

█ The law appears to be fully established that a change of beneficiary may be accomplished without a strict or complete compliance with the conditions of the policy regarding the endorsement of the insurer and that such endorsement by an insurer is purely a ministerial act which the company cannot refuse to perform, and a failure on its part to perform such act will not defeat the change if the insured has done everything within his power to effect a change. See Prudential Ins. Co. of America v. Moore, 7 Cir., 145 F.2d 580, and authorities there cited; Nye v. Mutual Ben. Life Co., 2 Cir., 148 F.2d 509. Of course, the insurer has no interest in the matter except in carrying out the intentions of its policyholder. And, as stated by the Court of Appeals for the Fifth Circuit, in Norris v. Norris, 145 F.2d 99, 101,

"Courts are liberal in construing a reserve power to change a beneficiary and will look to the purpose of the parties in making a change of designation. Insurance Law and Practice, Appleman, Volume 2, § 901, pp. 292, 293.

"Where insured takes a positive action which evidences his obvious desire for a change of beneficiary, the courts will adopt such construction as will assist in carrying out such intention. \* \* \* (Ibid, § 963.)"

█ Testing the case here presented in the light of these general principles of law, we think the evidence does not support the findings and conclusions of the court that no change in beneficiary was effected, and that Margaret Kelly Douglass was entitled to the benefits of the policy.

The request for change was made by the insured on the blank of the insurer, furnished by one of its agents and tendered, together with the policy, to another of its agents for whatever action was necessary on the part of the insurer; it identified the policy by number, and the proposed new beneficiary at least by class [1] and address; it revoked all prior designations. Appellant stated by affidavit that it had been executed on October 2, 1943, by the insured in the presence of herself and his mother. It was further shown that the insured was occupied by unusual events immediately after appellant's interview with the agent in which the latter stated that the

---

[1] See Modern Woodmen v. Allin, 301 Ill. 119, 133 N.E. 677, 20 A.L.R. 956.

change form was not complete and gave her other forms to have completed, and that his death occurring shortly thereafter was very sudden, and the result of accidental causes.

Under these circumstances we think there was sufficient positive action on the part of the insured to manifest his intention to make the change which he then carried into effect by written request on the blank of the insurer which was then tendered to the insurer.

Judgment reversed.