(No. 30177—

MARGARET ELLEN YOUNG, Appellant, *vs.* AMERICAN STANDARD LIFE INSURANCE COMPANY *et al.*—(ALICE ELLEN SMITH, Appellee.)

*Opinion filed November 20, 1947—Rehearing denied Jan. 15, 1948.*

WILSON, J., dissenting.

JEROME J. SLADKEY, and JOSEPH F. NOVOTNY, both of Chicago, for appellant.

MOSES H. KAMERMAN, (ODE L. RANKIN, and HERBERT M. WETZEL, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

William J. O'Brien died October 22, 1943, at 5:45 A.M. leaving plaintiff, his daughter, as his only heir-at-law and next of kin. At the time of his death he was insured for $3000 under certificate No. 3603 through a group life in-

surance policy of the American Standard Life Insurance Company written for the members of Local 134 International Brotherhood of Electrical Workers. He was also insured for $1000 under certificate No. 7492 of the Electrical Workers Benefit Association. January 28, 1943, and February 15, 1943, plaintiff was designated as beneficiary in certificates Nos. 7492 and 3603, respectively, the parents of the deceased having been prior beneficiaries therein. Plaintiff remained beneficiary under said certificates until the time of her father's death, unless Alice Ellen Smith, hereinafter referred to as defendant, was legally designated as such beneficiary in her place, which we are here called upon to decide.

Suit to recover the insurance was begun in the circuit court of Cook County by plaintiff against the insurance company and the association. They filed countercomplaints in interpleader, asserting that plaintiff and Alice Smith each claimed the benefits. Both claimants were made parties to that proceeding. The court ordered them to interplead and transferred the cause to the chancery side of the docket. The proceeds of the policies were deposited in court. The facts are shown by the pleadings and exhibits. The insurance benefits under both certificates were awarded to plaintiff. The Appellate Court reversed the decree as to certificate No. 3603 and affirmed it as to certificate No. 7492. The case is here on appeal from the Appellate Court.

The group policy under which certificate No. 3603 was issued provided: "Change of beneficiary—Any insured member may designate a new beneficiary under this policy by filing a written request for said change signed by the member and transmitted through the Union, but such change shall become effective only upon receipt at the Home Office of the Association of this written request." It also provided, "The insurance upon the life of any member insured hereunder shall terminate upon the termination of his membership in good standing in the union," etc. The

certificate read in part: "This insurance is subject to the terms and conditions of said policy and the application therefor, and is payable to the beneficiary named by the insured." Under the line for the beneficiary's name in the certificate are the following words in parentheses: "Subject to change as provided in said policy."

On October 22, 1943, at 8:45 A.M., or later, the insurance company received at its home office in Washington, D. C., an undated request for change of beneficiary in certificate No. 3603 purporting to be signed by the insured, William J. O'Brien, requesting that the specified beneficiary be changed, and that the proceeds under said policy be made payable to Alice Ellen Smith. It was mailed by someone from Chicago the preceding day. This request ended with the words: "it being understood that such change shall not become effective until endorsement has been made." The relationship of Alice Ellen Smith to the insured was not stated in the request, nor was the date shown, although blanks for both were provided for therein. On the same day the company mailed the request to an officer of the union to which the group policy was issued, requesting that he get in touch with the insured and have the request for change completed by inserting the date and by specifying the relationship of the beneficiary.

On October 29, 1943, the request was returned to the company with a letter from the attorney for defendant whose name appeared as witness to insured's signature. The request then contained three additions or insertions written in longhand. After the name of the proposed beneficiary the words "or my estate" appeared; in the space for showing the relationship the word "fiance" was written, and in the space for date the figures "10/8, 1943" were supplied. The company, up to November 4, 1943, had not been notified of insured's death.

On November 4, 1943, the company wrote this attorney sending a new form to be completed by the insured because

the proposed beneficiary "Alice Ellen Smith, or my estate" was indefinite and alternative. No other form of request was thereafter delivered to the company.

The insured had been dead at least three hours before the request in its original form reached the company. Consequently the endorsement on the policy was not, and could not have been, made during his lifetime. It never was made. By reason of the facts relative to certificate No. 3603, plaintiff was, and remained, the beneficiary therein. The rights of a duly appointed beneficiary under a life insurance policy are fixed by the facts existing at the time of the death of the insured and the company can do nothing thereafter to change those rights. *Freund* v. *Freund,* 218 Ill. 189; *McEldowney* v. *Metropolitan Life Ins. Co.* 347 Ill. 66; *Justice* v. *Jones,* 307 Ill. App. 652; *Johnson* v. *Johnson,* 139 Fed. 2d 930.

The defendant argues that where the insured has done all he could to effect a change of beneficiary but dies before the change is formally made by the company, a court of equity will regard the change as effected. Did the insured do all he could to effect a change of beneficiary? The request for such change when first received by the company bore no date. He could have inserted the date. The date of a request for change of beneficiary may be important. Assuming this one had been signed by the insured prior to the time plaintiff became beneficiary, on February 15, 1943, but not sent in until thereafter, it certainly would not have been controlling. The date not appearing, the company had no way of knowing when the request was executed.

The relationship to the insured of Alice Ellen Smith, the proposed new beneficiary, was not given. He could have stated the relationship. The company was not required to assume that she came within a class permitted as beneficiaries. Moreover, there could have been two or more persons within a permitted class named Alice Ellen

Smith and the one intended would remain in doubt until properly designated.

It is not shown that the request was transmitted through the union. It could have been so transmitted. The master policy formed a contract between the company and the union. The union was required to pay the premium thereon. The certificate issued to the insured indicated that the beneficiary named therein could be changed, subject to the provisions in the policy. The policy provided that the request for change of beneficiary should be transmitted through the union. It also provided that the insurance upon the life of any member insured thereunder should terminate upon the termination of his membership in good standing in the union. The parties to the master policy, no doubt, had good reason for the contract provisions appearing therein.

A condition was imposed in said request to the effect that the change of beneficiary should not become effective until endorsement had been made. This was not a provision or requirement of the policy or membership certificate but was a condition imposed by the insured. When he signed the request for change of beneficiary with the above condition therein, the matter was not concluded. By his express words the change was not to become effective until endorsement was made. He wanted it that way. During his lifetime the company had authority to make the endorsement. His death revoked that authority.

The date and relationship could easily have been inserted in the request by insured. No reason is assigned for their omission. Nor does it appear why the request was not transmitted through the union. In returning the request for the insertion of a date and the relationship, the company acted reasonably and prudently. We cannot hold, under all of the foregoing facts, that the insured had done all he could to effect a change of beneficiary in this cer-

tificate. No case cited by the defendant can be considered authority for such holding.

Defendant cites and relies principally upon four cases, viz., *Sun Life Assurance Co.* v. *Williams,* 284 Ill. App. 222; *Thompson* v. *Metropolitan Life Ins. Co.* 318 Ill. App. 235; *Prudential Ins. Co.* v. *Moore,* 145 Fed. 2d 580, and *John Hancock Mutual Life Ins. Co.* v. *Douglas,* 156 Fed. 2d 367.

In the *Sun Life case* the provision was that the change of beneficiary would be effective only upon endorsement of the same on the policy. On June 20, 1935, a change of beneficiary was requested. Insured died the same day. The request was received by the company on the 25th and on the 27th of that month the change was actually endorsed on the policy. The right to make the change after insured's death was questioned. The case held that the written endorsement may be waived by the company and that the company by interpleader waived the provision. In the case at bar the company did not, nor could it, waive a like provision appearing in the request because the insured, himself, made the endorsement a condition precedent to its effectiveness.

In the *Thompson* v. *Metropolitan case* there was a certificate issued under a group policy. The change of beneficiary was dated September 1, 1941, and executed the following day. The insured died September 4, 1941. The change was endorsed on the certificate effective as of September 1, 1941. It was endorsed by the employer instead of the insurance company and the main objection went to that point. It was not clear whether the request for change reached the proper party during the lifetime of the deceased or after he had died. The policy provided that "after such endorsement, the change shall relate back and take effect as of the date the employee signed said written notice of change, whether or not the employee be

living at the time of such endorsement." The court allowed the change. These facts are much different than those in the case at bar.

In the *Prudential Ins. Co. case* the policy provided that a change of beneficiary "shall take effect when due acknowledgment thereof is furnished by the company to such person insured and all rights of his or her former beneficiary or beneficiaries shall thereupon cease." The proof failed to show that the company acknowledged to the insured the change in the beneficiary. The requested change was signed August 10, 1942, and the insured died on the 14th of the same month. The company attached acknowledgements of the change to each policy but failed to notify the insured thereof. The court held the change effective. The difference between that case and the one at bar is apparent.

In the *John Hancock case* the request for change was made by the insured on the blank furnished by one of the company's agents and tendered, together with the policy, to another of its agents for whatever action was necessary on the part of the insurer. It revoked all prior designations. The agent refused to accept it because signed only with the initials of the insured instead of the full first name. It was shown by affidavit that the request had been executed on October 2, 1943, by the insured. The request showed the relationship of the proposed beneficiary to be the wife of the insured. The district manager of the insured stated that on October 8 he was advised that the insured had died. The date of the death of the insured is not indicated in the opinion. The policy contained the provision, "the insured may change the beneficiary from time to time, * * * by written request upon the blanks of the company filed at its home office, but such change shall take effect only upon endorsement thereon." The court held the request to have been sufficient. The facts in that case are clearly distinguishable from those in the case at bar.

Proper written requirements or provisions in insurance policies and certificates which are not waived should not be lightly considered. There should be orderly procedure in the changing of beneficiaries. Litigation invariably follows where lax methods are used. This can and should be avoided. The company should not be called upon to guess or assume the intention of the insured. Certainly, as far as the company is concerned, it can waive provisions favorable to it in the contract. The filing, however, of the bill for interpleader in this case and paying the proceeds of the certificates into court did not waive any provision of the policy or certificate. *Freund* v. *Freund,* 218 Ill. 189; *Justice* v. *Jones,* 307 Ill. App. 652; *Johnson* v. *Johnson,* 139 Fed. 2d 930.

When the request for change of beneficiary was returned with the date and relationship inserted, it also contained the words "or my estate" after the name of Alice Ellen Smith. The record is silent as to who made the insertions, but they could not have been made by the insured, as he had departed this life before the request in its original form reached the company. The request is to be considered in its original form and not as altered.

We believe the Appellate Court was wrong in awarding the proceeds of certificate No. 3603 to the defendant.

The envelope containing the request for change of beneficiary to Alice Ellen Smith in certificate No. 7492 was postmarked at Chicago, Illinois, 5 P.M. October 21, 1943. It was dated October 7, 1943, and stated a desire to change the beneficiary from plaintiff to "Alice Ellen Smith, or my estate." The relationship was not given. October 28, 1943, this form was returned in an envelope addressed to the insured stating that the association could not issue a certificate designating one person or another as it did not know to whom to pay the benefits in the event of death. A new application blank for change of beneficiary was

enclosed but the old one was returned in its original form and was received a second time by the association on November 5, 1943. The request was not honored, nor was the change made. The association had not yet been advised of the death of insured. Said certificate No. 7492 provided that every member should have the right to name, and the privilege of changing, his beneficiary, provided that the beneficiary fell within one of the permitted classes, including affianced wives and estates. It also provided that the relationship of the beneficiary to the insured shall be stated by him and set out in the certificate. It contained a further provision that a valid designation of the beneficiary should be effective from midnight on the day that such designation is actually received in the home office of the association in Washington, D. C., or if forwarded by mail and the postmark clearly indicates a place and date of mailing, such designation shall become effective, if found to be valid, from midnight of the day when such designation was mailed. The certificate also provided that no change would take effect until endorsed at the home office during the life of insured.

The Appellate Court states in its opinion, "We think the designation of the proposed beneficiary, 'Alice E. Smith or my estate,' is ambiguous. We think that while the insured expressed an intention to make a change, the change was not accomplished because it did not make clear what his intention was. This was not a mere lack of non-essential information * * *. It is our view that the application for the change was void."

We are of the opinion that the insured had not done all that he could to effect a change of beneficiary under this certificate and that the defendant has failed to show her right to the proceeds thereof. The change of beneficiary not having been effected at insured's death, the right to the proceeds vested in the plaintiff, and the interpleader and

the payment into court had no effect upon her vested rights.

The circuit court of Cook County was right in awarding the proceeds of each certificate to the plaintiff. The judgment of the Appellate Court affirming the decree of the circuit court as to certificate No. 7492 is affirmed. Its judgment reversing the decree of the circuit court as to certificate No. 3603 is reversed and the decree of the circuit court is affirmed.

*Appellate Court affirmed in part and reversed in part; circuit court affirmed.*

Mr. Justice Wilson, dissenting.