Irene B. Donahey, Administratrix of and for the Benefit of Estate of Charles William Donahey, Deceased, Appellant, v. Pauline M. Sweigart, formerly known as Pauline M. Donahey et al., Defendants. Pauline M. Donahey, Appellee.

Term No. 48028.

Opinion filed January 14, 1949. Rehearing denied February 23, 1949. Released for publication March 1, 1949.

ZENO MIDDLETON, of East St. Louis, for appellant.

WHITNEL & WALKER, of East St. Louis, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

This case comes to this court on an appeal from a decree rendered in the circuit court of St. Clair county in favor of the defendant, Pauline M. Sweigart. The suit concerns the proceeds of a certain group certificate of insurance, No. 82569, of face value of $4,000, dated

April 1, 1940, with Metropolitan Life Insurance Company, on the life of Charles William Donahey. The plaintiff appellant is the surviving widow of said insured, and defendant appellee is a former wife of assured and the named beneficiary.

The following events are related chronologically. On or about June 14, 1941, the deceased married the defendant, Pauline M. Sweigart. At that time he was the assured in three policies, two of which were issued by the Metropolitan Life Insurance Company for $7,500 and $4,000, and the other issued by another company. In all three policies the named beneficiary was his sister. After his marriage to Pauline M. Sweigart, and on July 28, 1941, the deceased changed the beneficiary in the two policies of Metropolitan to the defendant, and left his sister the beneficiary in the third policy. On October 4, 1946, the deceased obtained a decree of divorce against the defendant. On November 16, 1946, he was married to the plaintiff. On December 5, 1946, the beneficiary of the $7,500 policy was changed to the name of the plaintiff.

The deceased was an employee of the Metropolitan Life Insurance Company in East St. Louis, Illinois, up until the time of his death. On December 16, 1946, he was taken suddenly ill and underwent a surgical operation, and on December 21, 1946, died.

The plaintiff filed her complaint in equity as surviving widow and as administratrix of the estate of Charles William Donahey against the Metropolitan Life Insurance Company and Pauline M. Sweigart, asking for a reformation of the policy in question by striking out the name of defendant as beneficiary therein. The complaint consisted of two counts; the first count relied upon the theory that the Metropolitan Life Insurance Company was, in this instance, governed by the mutual benefit laws, and, therefore, the defendant, Pauline M. Sweigart, was not an eligible beneficiary; the second count proceeded on the

theory that the deceased, during his lifetime, did everything within his power that was required of him to make and accomplish a change of beneficiary to the plaintiff, and that, therefore, in equity the change of beneficiary should be decreed and the plaintiff awarded the proceeds of the policy. The Metropolitan Life Insurance Company was allowed to interplead in the case and deposited the proceeds of the policy with the court, and was dismissed from the suit. The defendant, Pauline ·M. Sweigart, filed an answer to the complaint and a counterclaim in which she asked the court to award the proceeds to her as the legally designated beneficiary in said policy. The case was heard before the court, the court found the issues in favor of the defendant and counterclaimant and ordered the proceeds paid to her.

As to Count I plaintiff contends that since the Metropolitan Life Insurance Company was insuring its own employees under a group policy, that it should be governed by the mutual benefit laws of the State of Illinois under which the defendant ceased to be a legally designated beneficiary after the divorce was obtained by the deceased against her. The plaintiff makes no attempt to show that the company was, in fact, organized under any mutual benefit laws of any state, and it is quite clear from what evidence in this matter was introduced on this question that the company did never do business as a mutual benefit company in this state, nor do business in such a way that this policy could be treated as coming under the Mutual Benefit Insurance Laws as provided by paragraph 928 of chapter 73 of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 66.991]. The lower court did not err, therefore, in refusing relief under Count I of the complaint.

As to Count II the plaintiff testified in effect that on the 19th of December 1946, between two-thirty and five o'clock in the afternoon, the plaintiff visited the

deceased in the hospital, together with one Edward C. Clark, who was at that time district manager of the East St. Louis branch of the Metropolitan Life Insurance Company; that during the course of the visit the deceased asked Mr. Clark if he would look into the matter of the deceased's insurance and see if it was taken care of; that he said he wanted the beneficiary changed to Irene (the plaintiff herein); and that Mr. Clark told the deceased that he would take care of it, or would see that it was taken care of. The plaintiff also testifies that on or about the 4th of December, after she and the deceased had returned from their honeymoon, the deceased told her he was going to have her made beneficiary in both Metropolitan policies. The group policy in question had the following clause in connection with a change of beneficiary: "The contributor may, from time to time, change the beneficiary by filing written notice thereof with the insurance company accompanied by this certificate. Such change shall take effect upon endorsement thereof by the insurance company on the certificate, and unless the certificate is so endorsed the change shall not take effect. After such endorsement the change shall relate back to and take effect as of the date the contributor signed such written notice of change, whether or not the contributor be living at the time of such endorsement, but without prejudice to the insurance company on account of any payment made by and before receipt of such written notice." The plaintiff was corroborated in the conversation held in the hospital with the deceased by the witness, Edward C. Clark. The evidence shows that no written request of the deceased was ever made for the change of beneficiary. Mr. Clark did nothing further about changing the beneficiary, although he later wrote several letters to his company about this policy, in neither of which letters did he tell the company about the alleged conversation with the deceased on Decem-

ber 19, 1946. By another witness defendants introduced evidence of a conversation by deceased on December 5 regarding the policy in question that deceased had not made up his mind regarding a change of beneficiary.

The lower court was compelled to judge the credibility and weight to be given the testimony of witnesses as well as apply the law applicable to the situation. It is significant that the evidence showed that the plaintiff, Mr. Clark, and deceased all were, or had been, employees of the Metropolitan Life Insurance Company and knew of the necessary steps to effect a change of beneficiary, and knew that one of those necessary steps was a written request for change by the insured. There is no evidence that the deceased was unable to write or at least make his mark on the afternoon the conversation was alleged to have taken place, and there is no reason given why a written request for change of the beneficiary could not have been executed by the deceased on that day or the next. Mr. Clark testified that the company did not insist on a change of beneficiary request being on any particular form; that a simple letter requesting the change would have been accepted; and that such had been accepted by the company; but that the company did insist on the request for change being signed by the insured.

We, of course, recognize the rule laid down in several Illinois cases stating that when an insured has done everything within his power to effectuate a change of beneficiary, equity will not require exact compliance with all stated conditions in order to consider that a change of beneficiary has been effected. (*Kavanagh v. New England Mut. Life Ins. Co.*, 238 Ill. App. 72; *Young v. American Standard Life Ins. Co.*, 398 Ill. 565.)

In the contention that the circumstances of this case fell within the scope of such rule, the burden was on plaintiff. We are of the opinion that plaintiff

failed to establish this contention even by a preponderance of evidence. In *Young v. American Standard Life Ins. Co.*, 398 Ill. 565 at page 573, the court said: "There should be orderly procedure in the changing of beneficiaries. Litigation invariably follows where lax methods are used. This can and should be avoided. The company should not be called upon to guess or assume the intention of the insured. Certainly, as far as the company is concerned, it can waive provisions favorable to it in the contract. The filing, however, of the bill for interpleader in this case and paying the proceeds of the certificates into court did not waive any provision of the policy or certificate."

The decree of the trial court, therefore, is affirmed.

*Affirmed.*

CULBERTSON, P. J., and SCHEINEMAN, J., concur.