CONTINENTAL ASSURANCE COM-
PANY, Plaintiff,

v.

Rose PLATKE, Eleanor Koslow and Ron-
ald Platke, Defendants.

Rose PLATKE, Defendant-Appellant,

v.

Eleanor KOSLOW and Ronald Platke,
Defendants-Appellees.

No. 13290.

United States Court of Appeals
Seventh Circuit.

Nov. 7, 1961.

James A. Chatz, Erwin B. Neiman, Robert B. Chatz, Chicago, Ill., for appellant.

Richard A. Griffin, Theodore Spak, Chicago, Ill., Borenstein & Griffin, Chicago, Ill., of counsel, for appellees.

Before CASTLE, KILEY and SWY-GERT, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiff, Continental Assurance Company by its bill of interpleader filed in the District Court alleged that it had issued a contract of life insurance insuring the life of Joseph Platke and requested determination of conflicting claims for the proceeds of the policy presented to plaintiff subsequent to the insured's death. Rose Platke, defendant-appellant, the insured's widow who was his second wife, claims the proceeds under the original designation of beneficiaries contained in the policy. Defendants-appellees, Eleanor Koslow, insured's daughter, and Ronald Platke, his son, claim equal shares in the proceeds with the widow under an alleged change of the beneficiary provisions in their behalf. The case was heard on a motion for summary judgment, upon an agreed statement of facts, and the District Court entered judgment against defendant-appellant and in favor of defendants-appellees, Eleanor Koslow and Ronald Platke. Rose Platke appealed.

Appellant states the contested issue as follows:

Did the insured by his action or non-actions do all within his power so as to effectuate the change of ben-

eficiary designation of the policy in question, even though the change of beneficiary was not endorsed on the contract of insurance as required by said contract, pursuant to its terms and provisions?

Pertinent facts may be summarized as follows: On May 7, 1956 plaintiff issued its policy on the life of the insured in the face amount of $10,000. The beneficial designation therein was:

"Rose Platke, Wife, if living; otherwise to Ronald Platke, Son and Marshall Stein, Stepson, equally or to the survivor."

The right to change the beneficiary was expressly reserved to the insured. About a year before his death on November 6, 1959 the insured, suffering from cancer, returned to live in St. Louis, Missouri, where his daughter, Eleanor Koslow, resided. His wife, Rose Platke, continued to live in Chicago, Illinois. The insurance policy was in her possession. On July 15, 1959 the insured executed a "Change of Beneficiary" form provided by plaintiff together with an affidavit stating:

"I further evidence my desire herewith that said change of beneficiary be effected by said Company without indorsement on the policy, which I do not have in my possession here in St. Louis, Missouri at the present time, it being my sincere desire to effectuate this change of beneficiary at the earliest possible time hereafter."

The change of beneficiary form executed by insured provided for the following beneficiary designation:

"Rose Platke, Wife
Eleanor Koslow, daughter
Ronald Platke, son
equally or to the survivors
or survivor."

and on its face expressly stated:

"The undersigned requests that change in beneficiary be effected without indorsement on the policy."

The policy provided:

"If the right to change the beneficiary has been reserved * * * the Owner may change the beneficiary, with or without reserving the right of further change, by written request to the company, accompanied by this policy for suitable endorsement. No such change of beneficiary shall take effect until endorsed hereon by the Company. After such endorsement, the change will relate back to and take effect as of the time the Owner signed the request, whether the Insured be living on the date of such endorsement or not, * * *."

On July 20, 1959 plaintiff in a reply addressed to one Arthur Litz at St. Louis acknowledged receipt of the form and affidavit, called attention to the above policy provision and stated that "in order to fully validate this change, it must be endorsed on the policy". The letter advised that plaintiff would keep the documents "for whatever legal value they may have" but could not be responsible for payment to the new beneficiaries, inasmuch as the policy was presently endorsed with another designation. The plaintiff received no reply to this letter or further communication on the subject prior to the death of the insured. The policy was never returned to plaintiff for endorsement.

The District Court concluded that the change of beneficiaries is valid and the proceeds of the policy subject to distribution thereunder, and in our opinion such conclusion was not error.

The insured did not have possession of the policy. At the time he executed the change of beneficiary form and affidavit he was suffering from cancer—in terminal stage—from which he died about three and one-half months later. He was at St. Louis and the policy was in appellant's possession in Chicago. It is clear that the insured intended to effectuate the change and under the circumstances disclosed by the record it appears he did all that he could have been reasonably ex-

pected to do to accomplish his desire. There is nothing in the agreed statement of facts which is persuasive that the insured could have done more. The mere possibility that he might have is not in our opinion sufficient to overcome the effect of what he did. It was insured's right to change beneficiaries—no right of appellant was involved.

Illinois law governs in this case. Prudential Insurance Company of America v. Moore, 7 Cir., 145 F.2d 580, 583. And, on the basis of the exposition of that law in Sun Life Assurance Co. of Canada v. Williams, 284 Ill.App. 222, 1 N.E.2d 247 and Thompson v. Metropolitan Life Ins. Co., 318 Ill.App. 235, 47 N.E.2d 879 as recognized by this court in Prudential and in John Hancock Mut. Life Ins. Co. v. Douglass, 7 Cir., 156 F.2d 367 the policy endorsement provision is for the protection of the company.

In Sun Life the court, quoting with approval from White v. White, Sup., 194 N.Y.S. 114, pointed out (284 Ill.App. at page 225, 1 N.E.2d at page 248):

"The neglect to make this endorsement is not available in an action brought by a beneficiary to nullify the act of the insured in making a redesignation of a new beneficiary."

Moreover, the policy provision in the instant case permits of the ministerial act of endorsement being performed after the death of the insured. The fact that insured died before such endorsement does not deprive the redesignation of beneficiaries of effect. Appellant is in no position to complain of the lack of endorsement when it is her possession of the policy which has prevented it.

In our opinion this case falls within the Illinois rule again referred to in Donahey v. Sweigart, 336 Ill.App. 366, 371, 84 N.E.2d 170, 172 that:

"* * * [W]hen an insured has done everything within his power to effectuate a change of beneficiary, equity will not require exact compliance with all stated conditions in order to consider that a change of beneficiary has been effected."

We have examined the Illinois cases relied upon by the appellant and find none of them controlling here. All contain factors which serve to distinguish them from the instant case and the application of the Illinois rule here applied. It would serve no useful purpose and unduly lengthen our opinion to analyze and discuss them.

The judgment of the District Court is affirmed.

Affirmed.