**CONNECTICUT GENERAL LIFE INSURANCE COMPANY,**
**Plaintiff-Appellee,**

v.

**Hazel Jean GULLEY,**
**Defendant-Appellant.**

**No. 81–1591.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 3, 1981.

Decided Jan. 11, 1982.

Rehearing and Rehearing In Banc
Denied Feb. 9, 1982.

Certiorari Denied May 17, 1982.
See 102 S.Ct. 2237.

Ernest K. Koehler, Chicago, Ill., for defendant-appellant.

Nelson F. Brown, Brown, Brown, Greene & Young, Chicago, Ill., for plaintiff-appellee.

**6.** , *Id.,* 572 F.2d at 640.

Before SPRECHER, BAUER and WOOD, Circuit Judges.

SPRECHER, Circuit Judge.

This appeal arises out of an interpleader action brought by Connecticut General Life Insurance Company to determine which of the defendants, Mary Ann Balsley or Hazel Jean Gulley, is entitled to the proceeds of a life insurance policy. The policy, which was issued by Connecticut General, covered the life of Julious Balsley, husband to Mary Ann Balsley and father to Hazel Jean Gulley. Connecticut General has paid the contested proceeds into the registry of the district court and is not a party to this appeal.

The district court granted Mary Ann Balsley's motion for summary judgment and directed payment of the benefits of the life insurance policy to Mary Ann Balsley. Hazel Jean Gulley appeals that decision. For the reasons discussed below, we reverse the order of the district court.

## I

In May, 1975, Julious Balsley was insured under a group life insurance policy issued to his employer. Initially, Julious Balsley designated his wife, Mary Ann Balsley, and his mother, Ernestine Moreland, now deceased, as the beneficiaries. They continued to be the designated beneficiaries until at least Sunday, March 11, 1979. On that day, Julious Balsley, while of sound mind and in the presence of a witness, executed a Change of Beneficiary form designating Hazel Jean Gulley, his daughter, as the new beneficiary. Julious told Hazel that he wanted her to receive the proceeds of the policy in the event of his death, as he had otherwise provided for other family members. He left the form with Hazel, saying that he would return to get it and deliver it to his employer. .

During the following week, Julious worked Monday through Friday, but he did not see Hazel nor did he return to get the form. He spoke with her once, on Sunday, March 18, but the insurance policy was not discussed. That evening Julious Balsley suffered a fatal heart attack. Two days later, on March 20, Hazel Jean Gulley mailed a copy of the Change of Beneficiary form to Julious Balsley's employer. None of the parties contend that Julious Balsley authorized Hazel Jean Gulley to send the form, or that he intended that she do so.

The insurance policy provides as follows: CHANGE OF BENEFICIARY. A new Beneficiary may be designated from time to time by filing a written request therefor on a form satisfactory to the Insurance Company and signed by the Employee. No change of Beneficiary will take effect until received by the Insurance Company, or by the policyholder if it has been agreed that Beneficiary designations be filed with the Policyholder. When, however, the change has been received, whether the Employee is then living or not, it will take effect as of the date of execution of the written request therefor . . . .

The parties agree that the Change of Beneficiary form was properly executed by Julious Balsley and was otherwise satisfactory to Connecticut General. Nonetheless, the district court concluded that, since the policy requires filing of a Change of Beneficiary form by the insured or his agent, and no such filing occurred here, Julious Balsley failed to do everything in his power to effect the change of beneficiaries. Absent substantial compliance with the terms of the policy, the court found that no change of beneficiaries had taken place. Thus the only issue on appeal is the effect of Julious Balsley's failure to deliver, or cause to be delivered, the Change of Beneficiary form, or to direct that the form be delivered.

## II

The cases dealing with a change of beneficiaries of a life insurance policy fall into two rather obvious categories—those in which the purported change of beneficiary was found to be effective and those in which the change was not effective.[1] In

1. Connecticut General Life Insurance Company is a Connecticut corporation with its principal place of business in Connecticut. Both Mary

the first category of cases,[2] the insured took a number of positive steps to change the beneficiary, but unusual circumstances prevented strict compliance with the terms of the policy. In such cases, the Illinois rule is that "when an insured has done everything within his power to effectuate a change of beneficiary, equity will not require exact compliance with all stated conditions [of the policy] in order to consider that a change of beneficiary has been effected." *Donahey v. Sweigart*, 336 Ill.App. 366, 371, 84 N.E.2d 170, 172 (4th Dist. 1949). Thus if the insured has substantially complied with the terms of the policy, the change of beneficiary will be upheld.

In the second category of cases,[3] the insured took virtually no steps to abide by the terms of the policy regarding a change of beneficiaries. Typically, the only evidence of an attempted change was an oral statement by the insured that he intended to change the beneficiary of his insurance policy. Although recognizing that strict compliance with the terms of the policy is not essential, the courts have required more concrete evidence of intent in order to effect a change of beneficiary.

■ The case before us falls between these two categories of cases. Here the insured, Julious Balsley, clearly did not comply with the strict terms of the policy. The policy contemplated that, in order for a change of beneficiary to be effective, the insured would file a Change of Beneficiary form with the employer. Although Hazel Jean Gulley mailed a copy of the Change of Beneficiary form to the employer, she did so on her own initiative and not at the direction of Julious Balsley. Moreover, there were no unusual circumstances that prevented Julious Balsley from delivering the form to his employer as required by the policy.

On the other hand, Julious Balsley did take a number of positive steps to effect the change of beneficiaries. He obtained the correct Change of Beneficiary form, executed the form properly and in the presence of a witness, explained to his daughter and the witness why the change was being made, and expressed his intent to deliver the form to his employer at a later time. The only further step needed to complete the change of beneficiary would have been for Julious Balsley to deliver the properly executed form to his employer or to direct someone else to deliver it.

We also note that in this case none of the evidence militates against giving effect to the Change of Beneficiary form executed by Julious Balsley. There is no hint of fraud or duress in the execution of the form. There is no indication that the decedent changed his mind during the week between the execution of the form and his death. Moreover, Mr. Balsley's death was sudden and unexpected. Neither of the claimants, nor Julious Balsley himself, appears to have thought the change was made in contemplation of death. Given these circumstances, the decedent's failure to deliver the Change of Beneficiary form to his employer during the week after it was executed is not a strong argument against giving effect to the document.

Although the final step of delivering the Change of Beneficiary form to the employer or directing that it be delivered did not occur, we find that there was substantial

Ann Balsley and Hazel Jean Gulley are citizens of Illinois and residents of the Chicago area. It is well settled that, in interpleader actions such as this one, where there is diversity of citizenship, we are obligated to follow Illinois law. *Prudential Ins. Co. of America v. Moore*, 145 F.2d 580, 583 (7th Cir. 1944), *cert. denied*, 324 U.S. 849, 65 S.Ct. 686, 89 L.Ed. 1409 (1945).

2. *See, e.g., Continental Assurance Co. v. Platke*, 295 F.2d 571 (7th Cir. 1961); *John Hancock Mutual Life Ins. Co. v. Douglass*, 156 F.2d 367 (7th Cir. 1946); *Prudential Ins. Co. of*

*America v. Moore*, 145 F.2d 580 (7th Cir. 1944), *cert. denied*, 324 U.S. 849, 65 S.Ct. 686, 89 L.Ed. 1409 (1945).

3. *See, e.g., Logan v. State Farm Life Ins. Co.*, 61 Ill.App.3d 770, 18 Ill.Dec. 931, 378 N.E.2d 395 (3d Dist. 1978); *Tatelman v. Tatelman*, 25 Ill.App.3d 678, 323 N.E.2d 821 (1st Dist. 1975); *Williams v. Teachers Ins. and Annuity Ass'n*, 15 Ill.App.3d 542, 304 N.E.2d 656 (1st Dist. 1973); *Donahey v. Sweigart*, 336 Ill.App. 366, 84 N.E.2d 170 (4th Dist. 1949).

compliance with the terms of the insurance policy. This holding conforms to the general rule that " '[w]here insured takes a positive action which evidences his obvious desire for a change of beneficiary, the courts will adopt such construction as will assist in carrying out such intention.' " *John Hancock Mutual Life Insurance Co. v. Douglass*, 156 F.2d 367, 369 (7th Cir. 1946) (quoting 2 Appleman, Insurance Law and Practice § 963 (1941)).

For all of the foregoing reasons, we find that Julious Balsley substantially complied with the terms of his life insurance policy and effectively changed the beneficiary under the policy from his wife, Mary Ann Balsley, to his daughter, Hazel Jean Gulley. We therefore reverse the decision of the district court, and we direct that judgment be entered for Hazel Jean Gulley and that the benefits of the life insurance policy be paid to her.