## ORDER

James F. Dougherty, II, P.A., Miami Beach, Fla., for plaintiff.

Mitrani, Rynor & Gallegos and Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Miami, Fla., for defendants.

## ORDER

HOEVELER, District Judge.

This cause is before the Court on cross-motions for summary judgment in the above-styled action for benefits under a decedent's Serviceman's Group Life Insurance Policy.

### I. Factual Background

The pertinent facts are undisputed. The Plaintiff, Gene Lanier, is the step-father of the decedent Daniel Howard Traub, who brings this suit against decedent's natural father, Ellis Traub, and against the Prudential Insurance Company of America (Prudential). Plaintiff seeks a declaration

---

**Gene LANIER, Plaintiff,**

v.

**Ellis TRAUB; and Prudential Insurance Company of America, Defendants.**

**No. 88–1820–CIV–WMH.**

United States District Court, S.D. Florida.

March 22, 1990.

that he is entitled to one-half of the proceeds of decedent's Serviceman's Group Life Insurance Policy, monetary damages in the sum of twenty-five thousand dollars ($25,000), and the imposition of a constructive trust on Ellis Traub.

The decedent was a sergeant in the United States Army at the time of his death on April 1, 1988, in Marktbreit, Germany. On or about November 24, 1987, the decedent executed form VA 2908286, entitled "Serviceman's Group Life Insurance Election," wherein he designated beneficiaries to receive payment of his Serviceman's Group Life Insurance proceeds as "by law". Pursuant to paragraph 2 of the Group Serviceman's Group Life Insurance Election, the "by law" designation is for those insureds who wish the law to apply, as explained on the reverse of the form as follows:

IMPORTANT–READ CAREFULLY PROVISIONS OF THE LAW FOR PAYMENT OF INSURANCE

"If you do not name a beneficiary to receive the proceeds of your insurance, it will be paid under the provisions of the law, to your survivor(s) in the following order:

1. Widow or widower; if none, it is payable to

2. Child or children in equal shares with the share of any deceased child distributed among the descendants of that child; if none, it is payable to

3. Parent(s) in equal shares; if none, it is payable to

4. A duly appointed executor or administrator of the insured's estate, and if none to

5. Other next of kin.

NOTE: If you want a specific person to receive your insurance, then you must name the person in Part 2, otherwise it well be paid as provided above." *See,* Serviceman's Group Life Insurance Election, page 2, attached hereto as Exhibit "B".

On the same date that the decedent made his "by law" designation on the Serviceman's Group Life Insurance Election, the decedent filled out a "record of emergency data" (defense department form 93, hereinafter "form 93"), wherein he designated his mother Mary C. Lanier, and his step-father, Gene Lanier, as 50% co-beneficiaries of any unpaid pay and allowances and also for any death gratuity pay. Gene Lanier was listed on the line specifying "father". At the end of the line, the decedent noted "stepfather"). On line 9, Gene and Mary Lanier were listed as "parents".

After the death of Daniel Howard Traub, claims were made for the proceeds of decedent's Serviceman's Group Life Insurance Policy by Mary C. Lanier, Gene Lanier, and Ellis Traub. Pursuant to the decedent's "by law" designation, the proceeds of the policy were distributed in equal shares to the decedent's natural parents: Mary C. Lanier and Ellis Traub.

II. Discussion

Defendants contend that the decedent's designation in his Serviceman's Group Life Insurance Election that his beneficiaries were to be determined "by law" creates a clear, unambiguous contractual provision that is not subject to collateral attack through other documentation. In short, Defendants claim that the provisions of the insurance policy must be construed without "using evidence to create an ambiguity, to rewrite a contractual provision." *J.C. Penney Co., Inc. v. Koff,* 345 So.2d 732, 735 (Fla.App.1977). In keeping with this desire to eschew ambiguity, Defendants note the "strong public policy against looking into the mind of the decedent", and caution the Court against attempting the elusive reconstruction of "a person's donative intentions after his death." *Prudential Insurance Company of America v. Parker,* 840 F.2d 6 (7th Cir.1988).

Despite Defendants' understandable penchant for restricting the analysis to the four corners of the Group Serviceman's Group Life Insurance Election form, the Court cannot ignore the significance of a seemingly contradictory document executed the very same day: Form 93. Facing a similar dilemma, the Fifth Circuit, in the case of *The Prudential Insurance Co. of America v. Smith,* 762 F.2d 476 (1985)

ruled that the "intent" of the decedent, where clearly shown through a "Record of Emergency Data" [form 93], is determinative of the issue. In *Smith*, the Court was faced with the competing claims of two former wives of a deceased serviceman who had designated in his Servicemen's Group Life Insurance Election form that his beneficiary was to be determined "by law". As explained on the reverse side of the Election form, in the absence of other designation, the "widow" would be the beneficiary "by law". Pursuant to the Servicemen's Group Life Insurance Act, 38 U.S.C. Section 770(a), "[t]he terms 'widow' or 'widower' means a person who is the lawful spouse of the insured member at the time of his death". 38 U.S.C. Section 765(7). The first wife claimed that she was the lawful widow due to an irregularity in the divorce proceedings. The second wife claimed that she was the intended beneficiary because decedent believed that she was his lawful wife, and also because she was actually the named beneficiary in the Record of Emergency Data (form 93) which was executed on the same day as the Insurance Election form. In ruling for the second wife, the Court noted that it was the decedent's "actual intent" which was dispositive.

Defendants' arguments against going beyond the four corners of the Insurance Election form are well taken, and a court should proceed with extreme caution in doing so. In the case at bar, however, decedent expressed in his "Form 93" (executed at the same time as the Insurance Election form) that Gene Lanier and Mary C. Lanier were to be 50% co-beneficiaries. Examining "Form 93" next to the "by law" designation of the Insurance Election form, the Court finds that decedent's indication in Form 93 that Plaintiff was to be a 50% beneficiary is more indicative of his true intent, than mere reference to a provision that the beneficiaries were to be determined "by law". To refuse to acknowledge such a plain expression of decedent's intent would allow decedent's clearly articulated "will" to be trumped by formulaic technicality.

In light of the above discussion, it is hereby Ordered and Adjudged that the Plaintiff Gene Lanier is the true owner of a 50% share of the S.G.L.I. Policy.

DONE AND ORDERED.