**Judy A. SANTMYER, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants.**

**No. 91–18–CIV–T–17(C).**

United States District Court, M.D. Florida, Tampa Division.

April 8, 1991.

---

Richard M. Sebek, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for plaintiff.

John Raymond Bush, Bush, Ross, Gardner, Warren & Rudy, Charles William Pittman, MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

The cause is before the Court on Defendant Sandra L. Santmyer's motion for judgment on the pleadings, alternatively for summary judgment, filed January 30, 1991; response thereto, filed February 12, 1991; Plaintiff's cross-motion for summary judg-ment, filed February 12, 1991; and response, filed February 20, 1991.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274.

On January 8, 1991, the complaint was filed naming as defendants The Prudential Insurance Company of America (Prudential) and Sandra L. Santmyer. A final judgment of interpleader as to Prudential was entered on March 14, 1991, leaving only Sandra L. Santmyer as a defendant herein. The proceeds of the insurance policy in dispute have been deposited in the registry of the court.

The complaint makes the following allegations which are relevant to resolution of the pending motions.

1. On or about August 17, 1990, Lieutenant (jg) Richard D. Santmyer, U.S. Coast Guard Reserve, died. Plaintiff is the widow of Richard D. Santmyer.

2. Defendant Sandra L. Santmyer is the ex-wife of Richard D. Santmyer.

3. At the time of his death, Richard Santmyer was a member of the Coast Guard Ready Reserve and was covered by a Serviceman's Group life insurance policy issued by Prudential, Policy Number G–32000, which was to pay $50,000.00 to his beneficiary.

4. Richard Santmyer was married to the defendant until their divorce on or about August 13, 1985. At one time Sandra Santmyer was the designated beneficiary of the insurance policy.

5. Following his marriage to Plaintiff, until the time of his death, Richard Santmyer intended Plaintiff to be the designated beneficiary of the policy.

Plaintiff submits the following additional "facts" in her response and cross-motion for summary judgment:

1. Following his remarriage, Richard Santmyer intended that Plaintiff be the beneficiary of the insurance policy and communicated this intent to Plaintiff. (Aff. of Judy Santmyer).

2. The intent to change beneficiaries was communicated to the Coast Guard as follows: After his commissioning as ensign in the reserves, Richard Santmyer reported to the Coast Guard Reserve Unit Station, St. Petersburg, Florida, on or about August 28, 1988. At that time he filled out a Coast Guard form 4113 "Record of Emergency Data" form. (Ex. C to Docket 10). On that date he was processed into the new unit by Yeoman Third Class Teresa Morgado. Morgado completed the form and removed the CG–4113 form containing Sandra Santmyer's name from the file, replacing it with the newly completed form. Pursuant to Richard Santmyer's direction, Morgado typed Judy Santmyer's name in blocks 13 and 14 (beneficiary for unpaid pay and allowance and person to receive allotment of pay if missing or unable to transmit funds). (Aff. Teresa Morgado).

3. Richard Santmyer was transferred to the Coast Guard Reserve Detachment Clearwater. Richard Santmyer informed Yeoman Third Class Gail Hockman, administrative personnel, that he wanted Plaintiff to be the beneficiary of the insurance policy and Hockman informed him she was "because Judy was already so designated on the form." (Aff. Gail Hockman).

4. In May 1990, Richard Santmyer contacted Lieutenant Janet Gammon, a Coast Guard Reserve officer who was the administrative officer of his unit. He advised Gammon that he wanted all of his benefits, including the insurance policy, to go to Plaintiff and requested she verify that it would occur. In August 1990, Gammon was advised Richard Santmyer was in the hospital. She contacted Coast Guard District Headquarters in Miami, Florida and spoke with representatives of the administrative branch. Gammon was advised, after review of his file, including the emergency data form, that Plaintiff was the designated beneficiary. (Aff. Janet Gammon).

5. Richard Santmyer advised co-worker, Van E. Day, of his intent to leave everything to Plaintiff and that he had signed the necessary forms to designate her as beneficiary of the insurance policy. (Aff. Van E. Day).

Plaintiff seeks a declaratory judgment that she is entitled to the proceeds of insurance policy number G–3200.

Defendant stipulates that Plaintiff, who married Richard Santmyer after their divorce, would testify that prior to his death Richard Santmyer stated his intention that Plaintiff be the designated beneficiary of the life insurance policy. Defendant does not counter any of the specific facts established by Plaintiff by coming forward with "deposits, answers to interrogatories ..." to show that a genuine issue of material fact exists requiring denial of the motion for summary judgment.

Judy Santmyer was notified of her entitlement to the life insurance proceeds, letter of November 6, 1990. (Ex. I to Docket 10). On December 10, 1990, she was informed that she was not the beneficiary because the designation had to be made by executing VA Form 29–8286. (Ex. J to Docket 10).

On December 20, 1990, Sandra Santmyer was notified by the U.S. Coast Guard that the records at Coast Guard Headquarters showed that her former husband designated her as beneficiary and sent her a claim form to complete. (Ex. C to Docket 3). Thereafter, on January 15, 1991, she received a letter from the Office of Servicemen's Group Life Insurance stating that the insured's current wife was notified in error that she was the beneficiary of the insurance policy and that subsequently she was informed of the error. (Ex. A to Docket 3).

Richard Santmyer completed a VA Form 29–8286 designating Sandra Santmyer as principal beneficiary on December 4, 1984. (Ex. A to Docket 9). No further VA Form 29–8286 has been introduced by either party and the assumption is that Richard Santmyer never completed any but the December 4, 1984, form number 29–8206.

*Motion for Judgement on the Pleadings*

Rule 12(c), Fed.R.Civ.P., provides that after the pleadings are closed any party may move for judgment on the pleadings; however, if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Both parties have submitted matters, including affidavits, which go beyond the pleadings, complaint, answers, counterclaim and cross-claim. Pursuant to Rule 12(c), the Court will consider the matters herein only pursuant to Rule 56, Fed.R.Civ.P., as motions for summary judgment.

*MOTIONS FOR SUMMARY JUDGMENT*

The Court is satisfied that entry of summary judgment is appropriate in this cause. The "facts" are not in dispute; the disputes center around the application of legal standards on the facts presented by the parties. The Court finds that Plaintiff Judy Santmyer has sustained her burden of showing the absence of any genuine issue of material fact. The Court is satisfied that for the following reasons Plaintiff's motion for summary judgment should be granted.

The Servicemen's Group Life Insurance (SGLI) program was created by 38 U.S.C. §§ 701, *et seq.* Under consideration is § 770, as implemented by regulations, which read, in relevant part:

§ 770—Any amount of insurance ... shall be paid ... in the following order of preference:

First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death (1) in the uniformed services if insured under Servicemen's Group Life Insurance ...

38 C.F.R. § 9.16(d)—Any designation or change of beneficiary or election of optional settlement will take effect only if it is in writing, signed by the insured and received prior to the death of the insured by his or her uniformed service ...

Various courts have concluded that, to prevent the private insurance carriers from facing undue administrative burdens, Congress intended that the beneficiary designation provisions of the SGLI be strictly construed. *Stribling v. United States*, 419 F.2d 1350, 1354 (8th Cir.1969) (where the purported successive designation, while in writing, was not received by the armed service of deceased prior to his death); *Coomer v. United States*, 471 F.2d 1 (5th Cir.1973).

In this case, Plaintiff asserts tht the requirements have been met and that she is entitled to the insurance proceeds. The statute and the relevant portion of the Code of Federal Regulations requires that the designation be in writing and be received by the armed force prior to the death of the insured. The Court agrees that Plaintiff has established these requirements and Defendant has failed to raise any genuine issue of material fact which would defeat Plaintiff's motion.

The facts evidence a clear intent on the part of Richard Santmyer to designate

Plaintiff as the beneficiary of the insurance policy in question: his discussions with his wife, the Coast Guard personnel, and his co-workers. (Exs. to Docket 10). In this case there is clearly a writing which was communicated to the armed force branch prior to Richard Santmyer's demise. Defendant claims that since the writing in question was not filed on a specific VA form the Court cannot find the requirements satisfied and award the insurance benefits to Richard Santmyer's widow to whom he clearly intended the benefits to accrue. The Court cannot agree.

In *Prudential Ins. Co. of America v. Smith*, 762 F.2d 476 (5th Cir.1985), the deceased filed three (3) forms with the military which "unmistakably" showed his intent for his second wife to be the beneficiary of the SGLI policy, including the "Record of Emergency Data" which is the form in question in this case. The circuit said:

> The statute [38 U.S.C. § 770(a)] thus regarded the serviceman's intended designation of beneficiary as the paramount consideration, provided that the designation was received by the military authorities prior to the serviceman's death. *Id.*, at 480.
>
> As we interpret *Stribling's* holding, it is only that the writing requirement of the applicable statute and regulation restricts the scope of relevant proof in SGLI beneficiary contests to signed writings received before the death of the soldier-insured. *Indeed, since Stribling, we have recognized that writings other than the SGLI Election form, if received before death, may be relevant for the purpose of determining a deceased soldier's intended beneficiary. Id.*, at 481. (emphasis added)

In a closer case than the instant case, a United States District Judge of this circuit enforced the intent of the deceased. *Lanier v. Traub*, 734 F.Supp. 463 (S.D.Fla.1990). In that case, the serviceman, on November 24, 1987, executed a VA Form 29–8286 designating the beneficiaries to be "by law." On the same date he executed a "Record of Emergency Data" form where-

in he designated his mother and stepfather as co-beneficiaries of any unpaid pay or death gratuity pay. The judge stated:

> Despite Defendant's understandable penchant for restricting the analysis to the four corners of the Group Serviceman's Group Life Insurance Election form, the Court cannot ignore the significance of a seemingly contradictory document, executed the very same day ...
>
> [D]ecedent expressed in his "Form 93" (executed at the same time as the Insurance Election form) that Gene Lanier and Mary C. Lanier were to be 50% co-beneficiaries ... To refuse to acknowledge such a plain expression of decedent's intent would allow decedent's clearly articulated "will" to be trumped by formulaic technicality. *Id.*, at 464–465.

This case is ever so much clearer than the *Lanier* case. Plaintiff has established that the deceased attempted in every way he was aware of to evidence his intent that she become his designated beneficiary to the insurance policy. He went to his administrative offices and filled out every form which he was directed to complete. He and the administrative offices of the Coast Guard were satisfied that his intentions had been implemented. The Court cannot allow the technicality of an improper form number defeat the clear intent and desire of Richard Santmyer to have his wife Judy Santmyer receive the benefits of his SGLI policy. Accordingly, and upon due consideration, it is

ORDERED that Plaintiff, Judy A. Santmyer's motion for summary judgment be granted; all other motions be denied, and Plaintiff shall, within five (5) days of this order, submit a proposed order of final judgment for this Court's review.

DONE and ORDERED.