**PRUDENTIAL INSURANCE COMPANY, Plaintiff,**

v.

**Linda HEARON, Defendant/Appellant,**

and

**Mary L. Hearon, Defendant/Respondent,**

and

**Tonya M. Hearon, a minor, Desiree L. Hearon, a minor, Erin C. Terry, Defendants.**

No. 60713.

Missouri Court of Appeals, Eastern District, Division Four.

June 30, 1992.

Charles D. Sindel, Sindel & Sindel, Clayton, for appellant.

Louis Glaser, St. Louis, for respondent.

AHRENS, Judge.

In this interpleader action, Linda Hearon, appellant, appeals from the trial court's judgment awarding the proceeds of a life insurance policy to Mary Hearon, respondent. We reverse and remand.

The facts are not in dispute. Johnnie L. Hearon (decedent) was a member of the United States Army Reserve and an insured under a Servicemen's Group Life Insurance (SGLI) policy. Decedent and respondent married on May 29, 1970; the couple divorced on August 23, 1978. On March 14, 1987, decedent executed and filed with his uniformed service form SGLV–8286 designating the beneficiary of his SGLI policy was to be determined "By Law." The provisions on the reverse side of that form explained that a "By Law" designation would result in distribution of the proceeds in the following order:

1.  Widow or widower; if none, it is payable to

2.  Child or children in equal shares with the share of any deceased child distributed among the descendants of that child; if none, it is payable to

3.  Parent(s) in equal shares; if none, it is payable to

4.  A duly appointed executor or administrator of the insured's estate, and if none to

5.  Other next of kin.

Further, the provisions reminded the insured:

NOTE: If you want a specific person to receive your insurance, then you must name the person in Part 2, otherwise, it will be paid as provided above.

Decedent executed and, on October 14, 1987, filed with his uniformed service a Record of Emergency Data Form (REDF). That form is divided into sixteen sections. In section 4 decedent listed respondent as his "spouse"; and in section 10 he designated her the beneficiary of his "Unpaid Pay and Allowances." In section 12(a) titled, "SGLI (Optional Service Use)," an "x" was placed in the box next to the word "maximum." The form provides no section for designating the beneficiary of the SGLI policy proceeds.

Decedent and appellant married on January 20, 1988. Decedent died on March 28, 1988. Prudential filed this interpleader action. Noting that decedent's death certificate listed the cause of death as " 'gunshot wounds at hands of another,' " Prudential alleged that "it is in serious doubt as to whom is entitled to [the policy proceeds and interest thereon]."

Appellant and respondent submitted the case on memoranda of law and an Agreed

Statement of Facts.[1] In entering judgment in favor of respondent, the trial court stated:

> Regardless of who Johnnie Hearon listed as his wife, he still chose to list Mary Hearon as the beneficiary of the SGLI proceeds. The Record of Emergency Data Form has changed the beneficiary from a "By Law" designation to Mary Hearon as beneficiary for unpaid pay and allotment designation under SGLI proceeds.

Appellant's sole point asserts the trial court erred in awarding the life insurance proceeds to respondent because the trial court's decision is not supported by substantial evidence, is against the weight of the evidence, and erroneously declares and applies the law.

Under the Servicemen's Group Life Insurance Act, 38 U.S.C. § 1970(a):

> Any amount of insurance under this subchapter in force on any member or former member on the date of the insured's death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of the insured's death in the following order of precedence:
> First to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death (1) in the uniformed services ... or (2) in the administrative office ...;
> Second, if there be no such beneficiary, to the widow or widower of such member or former member; Third, if none of the above, to the child or children of such member or former member and descendants of deceased children by representation; * * *

38 U.S.C. § 1970(a). The Act defines the terms "widow" and "widower" as "a person who is the lawful spouse of the insured member at the time of his death." 38 U.S.C. § 1965(7).

Strict compliance with the provisions of the Servicemen's Group Life Insurance Act

"is necessary to avoid the placement of undue administrative burdens upon private insurance carriers resulting from disputes concerning the actual donative intent of insured servicemen." *Lanier v. Traub*, 934 F.2d 287, 289 (11th Cir.1991). Due to "the difficulty involved in reconstructing a serviceman's donative intentions after his death," the "beneficiary designation provisions of the Act are to be interpreted strictly." *Id.*

Federal courts have recognized that "writings other than the SGLI Election form, if received before death, may be relevant for the purpose of determining a deceased soldier's intended beneficiary." *Prudential Ins. Co. v. Smith*, 762 F.2d 476, 481 (5th Cir.1985); *see Coomer v. United States*, 471 F.2d 1 (5th Cir.1973). In the present case, however, the designation of respondent as the beneficiary of unpaid pay and allowances was not alone sufficient to constitute a designation of respondent as the beneficiary of the SGLI policy.

Respondent cites *Bew v. United States*, 286 F.2d 570 (4th Cir.1961), and *Prudential Ins. Co. v. King*, 453 F.2d 925 (8th Cir. 1971), to support her argument that decedent's "intent to name Respondent as his beneficiary for SGLI proceeds should be apparent" even though he "used a form not specifically designated for such purpose," because decedent named respondent as his spouse and "marked the box 'maximum' referring to SGLI...." *Bew* and *King* are readily distinguishable.

In a section of the REDF relating to indemnity payments rather than insurance, the decedent in *Bew* stated that his wife was his sole beneficiary to the extent of $10,000. *Bew*, 286 F.2d at 571. The court noted that "there was no right to indemnity in any such amount and the $10,000 could refer only to insurance." *Id.* The court found the decedent's "purpose and intention clearly appear" on the REDF, and that form was properly given effect as a desig-

---

1. The issue of who caused decedent's death was not raised in the Agreed Statement of Facts or in the trial court's judgment.

nation of the insurance proceeds. *Id.* at 572. No such clear purpose or intention appears on the REDF in the present case. Unlike *Bew,* in the present case decedent's designation of respondent on the REDF as the beneficiary of certain death benefits makes no reference to SGLI policy proceeds.

Accordingly, we find no merit in respondent's argument that decedent intended to change the "By Law" designation of this SGLI policy merely because he identified his ex-wife as his spouse on the REDF. This is particularly so where decedent remarried after executing the REDF. Further, the fact that decedent "marked the box 'maximum' referring to SGLI" does not strengthen respondent's argument. That box is in a separate section of the REDF relating to insurance, thus highlighting the fact that SGLI was considered a benefit unrelated to unpaid pay and allowances.

In *King,* the decedent used an "out-moded beneficiary form, which was not in any way the fault of the insured and which form clearly and in accordance with [the Servicemen's Group Life Insurance Act], sets forth a legal designation of beneficiary." *King,* 453 F.2d at 931. In the present case, no clear beneficiary designation for decedent's SGLI policy appears on the REDF. *King* does not support the trial court's judgment.

Likewise, respondent's reliance on *Smith,* 762 F.2d 476, is misplaced. In *Smith,* the decedent's first wife appealed from a judgment awarding SGLI proceeds to the decedent's second wife. The first wife alleged she was the " 'lawful spouse' and beneficiary of the policy," because decedent's divorce from her was invalid. *Id.* at 477. The *Smith* court concluded it was unnecessary to determine the validity of the divorce, because the decedent filed official forms "prior to his death that clearly showed his intent to designate [his second wife] in particular—not merely his 'widow'—as his beneficiary." *Id.* at 478. The court noted that subsequent to his marriage to his second wife, the decedent executed a new SGLI Election form (VA Form 29–8286) on which he wrote "By Law" in the beneficiary designation section. *Id.* at 479. On that same day he executed a new REDF identifying his second wife as his spouse and noting in the insurance section, " 'See VA Form 29–8286'." *Id.* The *Smith* court found that by simultaneously executing and filing those documents, "the decedent had designated ... his second wife ... as his lawful wife"; further, the new designation of beneficiary form "had as its apparent sole purpose to make plain that [the decedent's second wife] was his beneficiary, thus changing any former designation of beneficiary." *Id.* at 480.

*Smith* is distinguishable from the present case in that the decedent did not execute the REDF and SGLI Election form simultaneously, and decedent made no reference in the REDF to his SGLI Election form. The facts of the present case do not clearly show that decedent, through the REDF, intended to change the statutory definition of the "By Law" designation on his previously executed SGLI Election form.

Respondent also cites *Santmyer v. Prudential Ins. Co.,* 761 F.Supp. 114 (M.D.Fla. 1991) as support for the trial court's judgment. The district court in *Santmyer* entered summary judgment and awarded the proceeds of the SGLI policy to the decedent's second wife. Prior to the divorce from his first wife, the decedent had named his first wife as the beneficiary of his SGLI. *Id.* at 117. The second wife submitted affidavits of military personnel and a co-worker stating the decedent had advised them of his intent to designate his second wife as the beneficiary of the SGLI policy. *Id.* at 116. The decedent's first wife did not counter those assertions; further, she stipulated that the second wife "would testify that prior to his death [the decedent] stated his intention that [his second wife] be the designated beneficiary of the life insurance policy." *Id.*

Finding that the first wife failed to raise any genuine issue of material fact, the district court held, "The facts evidence a clear intent on the part of [the decedent] to designate [his second wife] as the benefi-

ciary" of the SGLI policy. *Id.* at 117–18. The court concluded the decedent "attempted in every way he was aware of to evidence his intent that [his second wife] become his designated beneficiary to the insurance policy." *Id.* at 118. The record before us does not support a similar finding. Respondent presented no evidence other than the REDF to support her claim that decedent intended to change the SGLI policy's "By Law" designation. Thus, *Santmyer* does not support the trial court's judgment.

Alternatively, respondent asserts that decedent's children should be entitled to the SGLI proceeds. We note that although named as defendants in the interpleader action, decedent's children were dismissed from the action on the court's own motion. They have not appealed from the trial court's judgment. Further, we find no basis for awarding the proceeds to the children in light of the statutory order of precedence for distribution of SGLI proceeds. 38 U.S.C. § 1970(a).

We hold the trial court's judgment is not supported by substantial evidence, and erroneously declares and applies the law. Accordingly, that judgment is reversed. The cause is remanded with directions to enter judgment in favor of appellant.

SMITH, P.J., and KAROHL, J., concur.