JUDITH KNIFFIN, Plaintiff-Appellant, *v.* ANDREW JOHN KNIFFIN, Defendant-Appellee.

First District (1st Division) No. 82—2847

Opinion filed November 7, 1983.

Lee Poteracki and Randy G. Black, both of McLennon, Nelson & Nudo, of Chicago, for appellant.

Gerald W. Shea, Ira A. Rogal, and Jeffrey I. Kleifield, all of Shea, Rogal & Associates, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises out of an action brought by the plaintiff, Judith Kniffin, wife of Andrew William Kniffin, deceased, to enjoin payment of the proceeds of a life insurance policy issued on her husband's life to the defendant, Andrew John Kniffin, the insured's father and designated beneficiary. Plaintiff alleged that she was entitled to the proceeds rather than defendant. Defendant filed a motion for summary judgment alleging there existed no issue as to any material fact. The trial court entered an order granting summary judgment, and it is from this order that plaintiff appeals. We affirm.

The pertinent facts are as follows. In March 1972, the insured began employment at Bell Telephone Laboratories, Inc. (Bell). As a Bell employee, he was entitled to various benefits, including a savings plan, stock ownership and group life insurance. The carrier of the group life insurance was Prudential Life Insurance Company (Prudential). The insured, who was single at the time, named his parents as beneficiaries of any vested rights accruing in these benefit programs in the event of his death. On July 7, 1973, the insured married plaintiff. On September 12, 1977, he executed and filed with Bell a form changing the beneficiary under his savings plan to plaintiff. On that same date, he signed an Equitable Life Assurance Society of the United States designation of beneficiary and contingent beneficiary form (Equitable form). This form, however, was never turned in to Bell. On February 9, 1978, the insured executed a change of beneficiary for his stock ownership program, naming plaintiff as beneficiary. On May 18, 1979, the insured executed a form increasing the amount of benefits under his Prudential policy, but failed at that time to change the beneficiary under his policy.

The insured died on December 7, 1980, at which time the records of Prudential showed that defendant was the designated beneficiary under the insured's group life insurance policy. Plaintiff subsequently filed a complaint in the circuit court of Cook County against defendant and Prudential. The complaint sought an order restraining the payment of any insurance proceeds to defendant and declaring plaintiff the lawful beneficiary under the policy or, alternatively, declaring that any insurance proceeds paid to defendant be held by him in constructive trust for the benefit of plaintiff.

Defendant filed a counterclaim against Prudential, seeking judgment in the amount of the proceeds of the policy. Prudential filed a counterclaim for interpleader relief and, upon depositing the proceeds of the subject policy with the court, was dismissed as a party defendant. Defendant thereafter filed a motion for summary judgment which was granted by the trial court; the court found that defendant was the designated beneficiary under the policy.

On appeal, plaintiff argues that although the defendant is specified as the beneficiary under the Prudential policy, the insured intended to change the beneficiary designation to her and that equity principles entitle her to the proceeds of the policy. In support of her argument, plaintiff relies primarily on the fact that following the inured's death the previously mentioned Equitable beneficiary designation form was found among his possessions at Bell. This unwitnessed form was dated September 12, 1977, designated plaintiff as beneficiary, and included the statement in boldface, "TO BE COMPLETED IN DUPLICATE AND SUBMITTED WITH YOUR CERTIFICATE." Plaintiff contends the Equitable form is evidence that the insured intended her as beneficiary under the Prudential policy.

 We initially recognize that in most modern insurance policies, the insured is able to change the beneficiary at any time and the designated beneficiary has no vested interest in the policy. (*Travelers Insurance Co. v. Smith* (1982), 106 Ill. App. 3d 318, 435 N.E.2d 1188.) As a general rule, when a policy prescribes a method for changing beneficiaries, that method is exclusive and a change by any other means is ineffectual. (*Logan v. State Farm Life Insurance Co.* (1978), 61 Ill. App. 3d 770, 378 N.E.2d 395; *Williams v. Teachers Insurance & Annuity Association* (1973), 15 Ill. App. 3d 542, 304 N.E.2d 656.) However, when an insured has done everything in his power to effectuate a change of beneficiary, equity will not require exact compliance with the conditions prescribed in the policy. (*Logan v. State Farm Life Insurance Co.* (1978), 61 Ill. App. 3d 770, 378 N.E.2d 395; *Donahey v. Sweigart* (1949), 336 Ill. App. 366, 84 N.E.2d

170.) To warrant the intervention of equity, Illinois law requires that some positive action be taken by the insured to comply with the terms of the policy; "substantial compliance" with the policy terms is the test. *Tatelman v. Tatelman*, 25 Ill. App. 3d 678, 323 N.E.2d 821, *cert. denied* (1975), 58 Ill. 2d 599, *Seipel v. State Employees' Retirement System* (1972), 8 Ill. App. 3d 182, 289 N.E.2d 288.

In the case at bar, the method for changing the beneficiary designation is regulated by section 13 of the Prudential group life insurance policy, which stipulates:

> "The insured may change the Beneficiary designated in his certificate by filing written notice thereof with the Employer accompanied by his certificate. Upon receipt of such notice and the certificate the Employer shall there upon endorse such change on the certificate."

Clearly, the insured in the present case failed to substantially comply with the above policy provision. The record discloses that he never filed written notice of a change of beneficiary, nor did he file his certificate with Bell. In fact, according to the sworn affidavit of a Bell benefit representative, Bell's records contained no indication that the insured ever made a request to change the beneficiary under the policy in dispute.[1]

The Equitable form relied upon by plaintiff is also clearly insufficient to demonstrate substantial compliance with section 13 of the Prudential policy. The form not only was from the wrong insurance company but was of the wrong type; it was a "beneficiary designation" form, rather than a "change of beneficiary" form. The form failed to designate a policy or certificate of insurance number, was not witnessed and was never filed with Bell. The affidavit of Bell's representative indicates that even if this form had been received by his company, it would not have been sufficient to effect a change of beneficiary. Further, although plaintiff contends that the Equitable form was supplied to the insured by Bell, there is no support for such an allegation in the record.

Moreover, we note that in May 1979 the insured executed a form for supplemental coverage under the Prudential policy which contained in boldface the following caveat: "I understand that the beneficiary for my supplementary group life insurance coverage will be the

---

[1]Plaintiff speculates that after realizing the Equitable form was incorrect, the insured executed the correct Prudential form and filed it with his employer, who mishandled the registration of the form. Such speculation, however, is not supported by the facts in evidence.

same as that under my basic group life insurance." Despite this warning, the insured failed to take the steps necessary to effectively change the beneficiary.

We further note that the case law cited by plaintiff is readily distinguishable from the case at bar. In *Travelers Insurance Co. v. Smith* (1982), 106 Ill. App. 3d 318, 435 N.E.2d 1188, the insured filled out and submitted to his employer a change of beneficiary form for his life insurance which the employer rejected because the form was witnessed by only one person. Although the insured obtained the signature of a second witness, the form was not returned to the employer prior to the insured's death. Hence, in *Travelers*, unlike the present case, the beneficiary change process was substantially completed but interrupted by the insured's death.

Plaintiff's reliance on *Dooley v. James A. Dooley Associates Employees Retirement Plan* (1982), 92 Ill. 2d 476, 442 N.E.2d 222, is also misplaced. In *Dooley*, the court initially recognized that "where the courts have been convinced that no doubt as to decedent's intent existed, that intent has been implemented despite what would appear to be substantial noncompliance with formal requirements." (92 Ill. 2d 476, 485.) Here, doubt does in fact exist as to the decedent's intent; his failure to use the proper form from the proper insurance company and not filing the form with his employer after three years elapsed certainly creates doubt as to his intent. Further, the court in *Dooley* made it clear that certainty of intent alone is not sufficient to accomplish a change of beneficiary; there must be a combination of intent to make the change and positive action towards that end. (92 Ill. 2d 476, 486.) Here, it can hardly be said that the conduct of the insured constituted positive action sufficient to effect a change in the beneficiary.

■■ ■ Plaintiff additionally alleges that the trial court erred in holding that the deposition testimony of insurance salesman Anthony DeVita, concerning a conversation he had with the insured, was inadmissible under the Dead Man's Act (Ill. Rev. Stat. 1981, ch. 110, par. 8—201).[2] The Dead Man's Act prohibits a party to a civil action, or a person directly interested, from testifying in his own behalf when the

---

[2]DeVita, an employee of Farmers New World Life Insurance Company, met with the insured on September 15, 1980, approximately three months prior to his death, to discuss mortgage or life insurance in connection with the couple's pending purchase of a new home. The testimony plaintiff sought to admit concerned DeVita's conversation with insured at that time. Specifically, DeVita testified that based on their conversation, it was an "understood fact" that plaintiff was beneficiary under the life insurance policy with Bell. DeVita, however, admitted that this "understood fact" was never uttered by the insured.

adverse party sues or defends as the representative of a deceased or incompetent. (See *Simon v. Plotkin* (1977), 50 Ill. App. 3d 603, 365 N.E.2d 1022.) The record reveals that DeVita was not a party to, or directly interested in, this action and therefore his deposition testimony was not barred by the Act. Notwithstanding this determination, we find it unnecessary to disturb the order granting summary judgment. We note that during oral argument a dispute arose as to whether the trial court did in fact admit DeVita's deposition as evidence. Scrutiny of the record reveals that the trial court considered DeVita's testimony in reaching its findings. The trial judge stated:

"The Court of Equity or no court can now do for the decedent that which he did not do for himself for seven and a half years of married life and three years, three months, after he signed the change form from a different company ***. The fact that he had a dialogue with an insurance salesman and gave some expression as to his insurance planning as it relates to his house, homeowners coverage, those conversations can never supply the missing action, nor supply the intent to change which, to my way of thinking, is totally destroyed by this delay, this unexplainable delay."

We agree with the trial court that, even when considering DeVita's testimony as part of the evidence, it is still apparent that the meager actions by the insured were insufficient to justify the intervention of equity.

■ Finally, plaintiff argues that the imposition of summary judgment was inappropriate in this case. It is well established that summary judgment is to be granted where the pleadings, depositions and admissions on file, together with affidavits, show that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. (*Tatelman v. Tatelman* (1975), 25 Ill. App. 3d 678, 323 N.E.2d 821, *cert. denied* (1975), 58 Ill. 2d 599; Ill. Rev. Stat. 1981, ch. 110, par. 2—1005.) The use of summary judgment is to be encouraged in the proper case (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 152 N.E.2d 576; *Tatelman v. Tatelman* (1975), 25 Ill. App. 3d 678, 323 N.E.2d 821, *cert. denied* (1975), 58 Ill. 2d 599), and this is such a case. Here, the trial court considered the deposition testimony of DeVita and the plaintiff, and the affidavit of a Bell benefit representative. None of the facts contained in this evidence are contested and no additional facts were presented to refute defendant's motion. The record is devoid of evidence that the insured took any substantial action to change the beneficiary of the policy in dispute. Based on the record before us, it is clear that there exists no genuine issue as to

any material fact and that the defendant, Andrew John Kniffin, was entitled to judgment as a matter of law.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and CAMPBELL, JJ., concur.