STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, Plaintiff-Appellee, v. JOHN E. TAYLOR, Defendant-Appellant (Frances A. Arnold *et al.*, Defendants-Appellees).

Third District   No. 3—84—0283

Opinion filed March 21, 1985.

SCOTT, J., dissenting.

Chris D. Rouskey, of Rouskey & Surinak, of Joliet, for appellant.

Daniel J. Kallan, of Kallan & Kelly, of Joliet, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

On August 25, 1983, the State Employees' Retirement System of Illinois filed a complaint in interpleader in the circuit court of Sangamon County. A fund was deposited with the circuit court pursuant to the complaint, in the amount of $34,200.17, payable by the Retirement System by reason of the death of Daphne D. McReynolds, a member of the system. Named as adverse claimants to this fund were John E. Taylor and Frances A. Arnold. After a motion for transfer of venue to the circuit court of Will County was granted, the plaintiff was dismissed from the case, and both adverse claimants filed motions for summary judgment, each of which urged their respective entitlement to the fund. The circuit court granted the summary judgment motion of Frances A. Arnold, and denied the summary judgment motion of John E. Taylor. Mr. Taylor appeals.

During the time period from November 1, 1960, to March 11, 1983, Daphne D. McReynolds was a member of the Retirement System and made contributions thereto. As a result of this membership and these contributions, the Retirement System became obligated to pay the appropriate beneficiary a nonoccupational death benefit in the amount of $34,200.17 upon the death of Daphne D. McReynolds on March 11, 1983. The identity of this appropriate beneficiary is a matter of dispute between the claimants, Taylor and Arnold.

On March 15, 1971, the Retirement System received from McReynolds a request for change of beneficiary nominating the claimant Taylor as beneficiary. This request was executed by McReynolds on the form provided by the Retirement System, and duly acknowledged by a notary public.

On October 25, 1982, the Retirement System received from McReynolds a letter concerning the beneficiary designation currently filed with the Retirement System. The letter read as follows:

"Dear Sirs,

I see by my yearly benefits' paper that my beneficiary is still John Taylor. I would like to change my beneficiary to Mrs. Frances Arnold, 1112 Sterling Ave., Joliet, Illinois 60433.

Sincerely,
Daphne McReynolds."

In response to this correspondence, on November 5, 1982, the Retirement System sent McReynolds a change of beneficiary form and the following letter:

"Dear Ms. McReynolds,

In compliance with your recent request, we are enclosing a change of beneficiary form (RS101). If you have any questions regarding completion of the form, please feel free to contact our office.

Very truly yours,
Sally Henderson
Administrative Services
Division."

The change of beneficiary form was never returned to the Retirement System, and, as stated earlier, McReynolds died several months later.

Both Taylor and Arnold filed applications for the death benefit payable as a result of McReynolds' death. The Retirement System, unable to determine which of the adverse claimants was entitled to the death benefit, sought by this action to require the claimants to

interplead, each with the other, to determine their respective rights in the $34,000 fund.

In support of her claim to the death benefit, Arnold filed a motion for summary judgment accompanied by affidavits and various documents. Those materials establish that Arnold is the natural daughter of the decedent, McReynolds, and that Taylor was not related to McReynolds in any manner. Taylor was associated with McReynolds as a creditor, for on February 2, 1971, he lent the decedent $4,300. As security for this loan, Taylor was made beneficiary of McReynolds' death benefits. Further, according to Arnold's motion for summary judgment, the decedent planned to sell her home located at 510 East Washington Street, Joliet, to repay the 1971 loan from Taylor. The loan was not repaid, but on February 18, 1971, McReynolds conveyed the same real estate to Taylor by warranty deed. The deed was prepared by attorney H. Arthur Hammel and, according to the document, was mailed to attorney Hammel after recording. The deed to the Washington Street property did not bear any notation indicating that real estate transfer tax had been paid as a result of the conveyance from McReynolds to Taylor, nor did the deed bear any representation on the face of the instrument that the conveyance was exempt from real estate transfer tax.

The remaining materials in support of Arnold's motion for summary judgment carry a veiled implication of skullduggery. Specifically, later in 1971, on October 13, the decedent, McReynolds, filed a petition for bankruptcy in the United States District Court. The petition was filed on her behalf by attorney Hammel. Taylor was listed as a creditor on the bankruptcy petition. Two months later McReynolds was discharged in bankruptcy, and her debt to Taylor was likewise discharged. The following year, Taylor conveyed the Washington Street property to a land trust with himself and attorney Hammel as beneficiaries. The deed in trust, like the earlier deed from McReynolds to Taylor, did not bear any notation that real estate transfer taxes were paid as a result of the conveyance, nor any representation that the conveyance was exempt from real estate transfer tax. Two years later, in 1972, Taylor assigned his beneficial interest in the land trust to attorney Hammel.

The affidavit and exhibits supporting Taylor's motion for summary judgment establish that the procedures for changing the beneficiary designation with the Retirement System are set forth in the change of beneficiary form mailed to McReynolds on November 5, 1982. The written instructions accompanying that form provide that a member desiring to change beneficiaries must complete the form

and that the form on file with the Retirement System having the most recent date will take precedence in determining the applicable beneficiary designation. The form on file with the Retirement System bearing the most recent date was the March 15, 1971, form nominating Taylor as beneficiary.

The circuit court of Will County, considering the motions for summary judgment and the respective materials supporting those motions, determined that there was no material issue of fact in dispute between the claimants, and that as a matter of law, Arnold was entitled to the death benefit fund. The claimant Taylor has appealed, urging that as a matter of law the fund properly is payable to him.

Both of the adverse claimants agree that as a general rule, when an insurance policy prescribes a method for changing beneficiaries, that method is exclusive and a change by any other means is ineffectual. (*Kniffin v. Kniffin* (1983), 119 Ill. App. 3d 106, 456 N.E.2d 659.) The claimant Arnold, however, suggests that the general rule does not apply to the instant facts. In urging an exception to the rule, she cites *Travelers Insurance Co. v. Smith* (1982), 106 Ill. App. 3d 318, 320-21, 435 N.E.2d 1188, 1190:

> "Illinois, in accordance with the majority of States, generally only requires that the insured substantially comply with the policy terms [citations], particularly where, as here, the insurer has filed an interpleader action. [Citations.] Requiring the insured to at least substantially comply with the policy provisions ensures that his intent is clearly manifested. But technical compliance with the policy provisions is solely for the benefit of the insurer, to protect it from paying the wrong person and being forced to pay twice. [Citations.] Interpleader protects the insurer from any danger of double liability. Accordingly where interpleader has been filed, it would be unreasonable to use technical requirements to defeat the clear and manifested intention of the insured; rather, the ' "*** courts of equity seek to do that which the insured apparently intended to have done. ***" ' "

Arnold asserts that the decedent McReynolds' letter of October 18, 1982, manifests the decedent's intention to remove Taylor as the beneficiary of her retirement system death benefits.

We agree that in situations where the insurer, in this case the Retirement System, is protected from the danger of double liability, technical policy requirements should not be allowed to frustrate the clear and manifested intention of the insured. Nevertheless, as the claimant Taylor reminds us, certainty of intent alone will not suffice

to effect a change of beneficiary. "There must be a combination of intent to make the change and positive action towards effecting that end." (*Dooley v. James A. Dooley Associates Employees Retirement Plan* (1982), 92 Ill. 2d 476, 486, 442 N.E.2d 222, 227.) The claimant Arnold suggests that the decedent in fact took positive action toward effecting her intent when she corresponded with the Retirement System and advised it of her desire to change her beneficiary.

Our attention is directed by both claimants to numerous cases which consider the manifestation of an insured's intent to change beneficiaries and which consider the actions of the insured which constitute substantial compliance to effect that change.

This brings us then to the application of the general principles previously discussed to the facts of this case and in particular to the procedure in the trial court. As noted earlier, each party moved for summary judgment, and the facts supporting such motions have been set forth at length earlier in this opinion. Taylor in his motion claimed that the only legally effective designation of beneficiary was the one filed March 15, 1971, designating him as the beneficiary. According to Taylor, the court erred as a matter of law in refusing to grant his motion for summary judgment and granting Arnold's motion for summary judgment.

From the authorities discussed earlier it may be concluded the earlier designation of Taylor as beneficiary by McReynolds does not conclusively establish Taylor's rights to the proceeds where the facts indicate a change in the beneficiary is legally recognizable even though the procedure relating to such change in beneficiary may be technically deficient. We believe the facts set forth in Arnold's affidavits are sufficient to justify the conclusion that a change of beneficiary occurred even though not completely in accord with the rules and regulations of the Retirement System. None of the facts set forth in Arnold's affidavits relating to the facts surrounding the change of beneficiary were denied by Taylor. It was Taylor's position in the trial court, as set forth in his motion and supporting affidavit, and in this court, that, admitting all of the facts set forth by Arnold, nevertheless his prior designation as beneficiary was not changed. We are convinced that the trial court committed no error in holding the facts set forth in the Arnold affidavits were sufficient to constitute a change in beneficiary as between the parties. Both parties in the trial court considered there were no disputed issues of material facts, as shown by the nature of their respective motions for summary judgment. For that reason this case is in a different posture than *Travelers Insurance Co. v. Smith* (1982), 106 Ill. App. 3d 318,

435 N.E.2d 1188, which on substantially different facts concluded that where only one party had filed a summary judgment procedure the reversal of that motion required a remandment for trial.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE, P.J., concurs.

JUSTICE SCOTT, dissenting:

I respectfully dissent from the disposition of this case as mandated by the majority. They conclude, I believe incorrectly, that since "[b]oth parties in the trial court considered there were no disputed issues of material facts as shown by the nature of their respective motions for summary judgment," therefore this case is in a different posture than the case before the court in *Travelers Insurance Co. v. Smith* (1982), 106 Ill. App. 3d 318, 435 N.E.2d 1188. Such a conclusion misapplies the rules which govern our decisions regarding motions for summary judgment.

It is not possible to conclude that no issues of material fact are in dispute based upon the fact that the litigants themselves filed cross-motions for summary judgment.

> "The mere filing of cross-motions for summary judgment *** does not establish that there is no issue of material fact, nor does it obligate the court to render summary judgment. [Citation.] The trial court must still independently determine whether a genuine issue of fact exists. [Citation.] Therefore, we do not agree that the nonexistence of a genuine issue of material fact was established by the filing of cross-motions in the case at bar." (*Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 1016, 436 N.E.2d 598, 602.)

Further, even if the facts are undisputed, where reasonable minds might draw different inferences therefrom, summary judgment is improper. *Moran v. Aken* (1981), 93 Ill. App. 3d 774, 417 N.E.2d 846, 848.

> "While inferences may be drawn from undisputed facts, a motion for summary judgment should not be granted unless those facts are susceptible of but a single inference [citation], and if facts admit of more than one conclusion or inference, including one unfavorable to the moving party, a summary judgment should be denied. [Citation.]" (*Beverly Bank v. Alsip*

*Bank* (1982), 106 Ill. App. 3d 1012, 1017, 436 N.E.2d 598, 603.)

The facts as disclosed in the pleadings, the affidavits, and the exhibits are susceptible of more than one inference, and the appellate court has taken cognizance of these multiple inferences in prior decisions involving similar facts.

There is no dispute among the claimants that Daphne McReynolds corresponded with the Retirement System expressing her desire to change the beneficiary of her policy to the appellee, Arnold. Likewise, there is no dispute that the Retirement System responded by sending McReynolds a change of beneficiary form. Finally, there is no dispute that McReynolds failed to return the appropriate form to the Retirement System from the time she received it until her death, a period of approximately four months.

> "[T]he determination of the effect of [such] delay is one for the trier of fact, which must determine how long is a reasonable time for returning the form, and whether any unreasonable delay manifests a change in the insured's intention or otherwise vitiates the substantial compliance present in [October]. Questions as to the effectiveness of a change of beneficiary are generally for the jury [citations], and this case is no exception." (*Travelers Insurance Co. v. Smith* (1982), 106 Ill. App. 3d 318, 323, 435 N.E.2d 1188, 1191-92.)

While the facts are undisputed, the inferences to be drawn from the facts are not without dispute. It cannot be said, as a matter of law, that McReynolds' failure to return the change of beneficiary form for a period of four months is a reasonable delay having no bearing on the insured's intention to nominate Arnold as the beneficiary of the Retirement System benefits. A question of fact exists, or more precisely a question of inferences to be drawn from undisputed facts, and for that reason the summary disposition of this matter in the circuit court was incorrect. I would remand the case for a plenary hearing.