JOHN ALDEN LIFE INSURANCE COMPANY, Plaintiff, v. LAVONNE PROPP, Defendant-Appellee (Donald Rylatt, Defendant; Charlotte Propp Morley *et al.*, Defendants and Third-Party Plaintiffs-Appellants; First Service Corporation of Rockford Insurance Agency, Third-Party Defendant).

Second District   No. 2—92—1211

Opinion filed January 18, 1994.

Anthony R. Fabiano and Janon E. Fabiano, both of Rockford, for appellants.

Alex Victor, of Victor & LaFayette, Frederick J. Brandt, of Holmstrom & Kennedy, and Clayton L. Lindsey, of Hinshaw & Culbertson, all of Rockford, for appellee.

JUSTICE QUETSCH delivered the opinion of the court:

Plaintiff, John Alden Life Insurance Company (John Alden Insurance), brought this interpleader action to determine who is entitled to receive the death benefit under a flexible contribution retirement annuity that it issued to the decedent, Harold R. Propp (Harold). At the time of his death on November 22, 1988, Harold was married to defendant Lavonne Propp (Lavonne). In his application for the annuity, Harold designated Lavonne as the primary beneficiary entitled to receipt of the death benefit. Harold's adult children, defendants Charlotte Propp Morley, James Propp, Richard Propp, Duane Propp and Jerry Propp (the Propp children), contend that Harold accomplished a valid change of beneficiaries, substituting them in place of Lavonne as beneficiaries under the annuity. Lavonne and the Propp children filed cross-motions for summary judgment. The trial court determined that Lavonne was entitled to receive the death benefit, and accordingly on February 22, 1991, the trial court entered summary judgment in Lavonne's favor and denied the Propp children's summary judgment motion. Thereafter, the trial court denied the Propp children's motion to reconsider and their petition for a trial on the merits. The Propp children now appeal, contending that they are entitled to summary judgment in their favor, or, alternatively, that a question of fact exists requiring a trial on the merits. For the reasons set forth below, we affirm.

The record on appeal establishes that Harold purchased the annuity on July 14, 1987, from First Service Corporation of Rockford Insurance Agency (First Service)[1] As previously noted, Harold designated Lavonne as the primary beneficiary under the annuity. The annuity contract provides, in pertinent part:

"Beneficiaries may be changed at any time. *** Written notice of the change, signed and dated by you, must be sent to our executive office. The change will be effective on the date you sign it."

Subsequent to Harold's death, John Alden Insurance received a copy of a letter dated June 7, 1988, written on First Service's stationery. The letter, ostensibly written by Harold, states, in pertinent part:

---

[1]A third-party complaint filed by the Propp children against First Service was dismissed by stipulation.

"TO WHOM IT MAY CONCERN:
I, HAROLD R. PROPP, WOULD LIKE TO NOTIFY YOU OF
AN ADDRESS AND BENEFICIARY CHANGE THAT HAS
TAKEN PLACE.
* * *
MY NEW BENEFICIARY LIST SHOULD BE AS FOLLOWS:

1. CHARLOTTE MORLEY  -- DAUGHTER  08/07/30
2. DICK PROPP        -- SON       10/30/33
3. DUANE PROPP       -- SON       10/19/35
4. JERRY PROPP       -- SON       11/29/39
5. JIM PROPP         -- SON       08/15/41
   TO ALL FIVE CHILDREN, TO BE DIVIDED EQUALLY.

IF YOU HAVE ANY QUESTIONS PLEASE FEEL FREE TO
CALL MICHAEL P. HUTMACHER *** AS HE WILL BE
HANDLING MATTERS FOR ME.
                          SINCERELY,
                          HAROLD R. PROPP
                          MICHAEL P. HUTMACHER"

The letter was signed by Mr. Hutmacher, an employee of First Service, but was not signed by Harold. An excerpt from Mr. Hutmacher's deposition appearing in the record on appeal indicates that on or about June 7, 1988, Mr. Hutmacher met with or had a telephone conversation with a male individual who indicated that he wanted to change the beneficiaries under Harold's annuity. Mr. Hutmacher did not know whether the individual he spoke with was Harold and testified that the person "could have been anybody." Mr. Hutmacher prepared and signed the original letter of June 7, 1988, which he then forwarded to Harold for his signature. Mr. Hutmacher anticipated that Harold would return the letter to First Service, at which point Harold's signature would be verified and the letter would be forwarded to John Alden Insurance. Apparently, the whereabouts of the original letter prepared by Mr. Hutmacher are unknown.

Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (735 ILCS 5/2—1005(c) (West 1992); *Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511, 518.) Summary judgment should not be granted unless the right of the moving party is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240; *Olympic Restau-*

*rant Corp. v. Bank of Wheaton* (1993), 251 Ill. App. 3d 594, 598, 622 N.E.2d 904, 907.) Even so, while the nonmoving party in a summary judgment motion is not required to prove his case, he must nonetheless present a factual basis which would arguably entitle him to a judgment. (*Olympic Restaurant,* 251 Ill. App. 3d at 603, 622 N.E.2d at 910.) Accordingly, in the case at bar, we must determine, in the first instance, whether the record establishes a proper factual basis supporting the Propp children's assertion that Harold accomplished a valid change of beneficiaries. If a proper factual basis does not exist, then the trial court correctly granted Lavonne's motion for summary judgment and denied the Propp children's motion.

■■ For a change of beneficiary to be effective, the insured or annuitant must intend to change the beneficiary and, in addition, "there must be at least some overt act evidencing this intent." (*Travelers Insurance Co. v. Smith* (1982), 106 Ill. App. 3d 318, 320.) As a general rule, when an insurance policy or annuity contract specifies a method for changing beneficiaries, that method is exclusive and a change by any other means is ineffectual. (*Kniffin v. Kniffin* (1983), 119 Ill. App. 3d 106, 108; *State Employees' Retirement System v. Taylor* (1985), 131 Ill. App. 3d 997, 1000.) However, "Illinois *** generally only requires that the insured substantially comply with the policy terms." (*Travelers Insurance Co. v. Smith* (1982), 106 Ill. App. 3d 318, 320.) In *Dooley v. James A. Dooley Associates Employees Retirement Plan* (1982), 92 Ill. 2d 476, our supreme court expounded on the requirement of substantial compliance as follows:

"While certainty of intent [to change the beneficiary] is essential, it will not suffice without more. There must be a combination of intent to make the change and positive action towards effecting that end.

'Substantial compliance requires (a) a clear expression of the insured's intention to change beneficiaries, plus (b) his concrete attempt to carry out his intention as far as was reasonably in his power. Intent alone is not sufficient. In addition the insured must have done all he reasonably could do under the circumstances to carry his intention into execution.' 7 Williston, Contracts §916, at 484-85 (3d ed. 1963).

'The mere fact that the insured takes preliminary steps with the intent of ultimately effecting a change of beneficiary does not in itself constitute substantial compliance and a change of beneficiary does not result therefrom.' 5 Couch, Insurance sec. 28:75, at 179 (2d ed. 1960).

Requiring that the evidence establish an unequivocal intent on the insured's part and that he take positive action to change his beneficiary serves two purposes: doubt as to the intent is eliminated and concrete evidence of that intent is provided the payor. In 5 Couch on Insurance section 28:72, at 175 (2d ed. 1960), it is stated that compliance must be 'sufficient to give assurance of the authenticity of the insured's desire to bring about a change and to provide trustworthy evidence of that desire to the insurer.' " 92 Ill. 2d at 486-87.

The Propp children contend that various circumstances reflected in the record sufficently establish the requisite intent and positive action on Harold's part. Although Michael Hutmacher was unable to identify the individual who informed him of the change of beneficiaries, the Propp children point to the affidavit of Charlotte Propp Morley which states that she was present when Harold telephoned First Service and indicated his desire to change his beneficiary. As further evidence of Harold's intent, the Propp children point to, *inter alia*, statements in Charlotte's affidavit that Harold and Lavonne's marriage had deteriorated, and by the end of May 1988 they had separated and Harold had moved in with Charlotte and her family. An affidavit prepared by Richard Propp indicates that early in June 1988 Harold told Richard that he "had just gone to the 'bank' and changed the beneficiary of his annuity from Lavonne Rylatt Propp to his five children." In addition, the Propp children point out that Harold prepared a will in September 1988 which distributed all his property to the Propp children and made no provision for Lavonne.

█ We note that the affidavits of Charlotte Propp Morley and Richard Propp and a copy of Harold's will appear in the record on appeal as exhibits to the Propp children's brief in support of their motion for summary judgment. Although the affidavits are dated July 11, 1990, for reasons that are unclear the brief to which they are attached was not filed with the clerk of the circuit court until May 20, 1991, nearly three months after the trial court ruled on the cross-motions for summary judgment. This court has held that "upon appellate review of a summary judgment ruling the appellant *may only refer to the record as it existed at the time the trial court ruled,* outline the arguments made at that time, and explain why the trial court erred in granting summary judgment." (Emphasis added.) (*Rayner Covering Systems, Inc. v. Danvers Farmers Elevator Co.* (1992), 226 Ill. App. 3d 507, 509-10.) Moreover, it makes no difference that the Propp children also attached copies of the affidavits and the will to their motion to reconsider. With respect to the submission of affidavits in connec-

tion with a motion for reconsideration of a summary judgment ruling, it has been observed:

"The intended purpose of a [motion] to reconsider is to bring to the court's attention (1) newly discovered evidence which was not available at the time of the first hearing, (2) changes in the law, or (3) errors in the court's previous application of existing law. *** Trial courts should not permit litigants to stand mute, lose a motion, and then frantically gather evidentiary material to show that the court erred in its ruling. Civil proceedings already suffer from far too many delays, and the interests of finality and efficiency *require* that the trial courts not consider such late-tendered evidentiary material, no matter what the contents thereof may be." (Emphasis in original.) *Gardner v. Navistar International Transportation Corp.* (1991), 213 Ill. App. 3d 242, 248-49.

See also *Rayner*, 226 Ill. App. 3d at 510 ("the parties should make a full presentation of evidence and arguments at the initial summary judgment hearing, rather than at a later hearing on a motion to reconsider").

Although Lavonne has not specifically challenged the Propp children's reliance on the untimely affidavits and other materials, under the circumstances of this case, we deem it appropriate to take notice of the defect on our own initiative in order to promote the interests of orderly review. We do not mean to suggest that the file stamp of the clerk of the court is necessarily talismanic in identifying the contents of the summary judgment record. Arguably, the inadvertant failure to file affidavits and other materials in advance of a summary judgment ruling might not be fatal if it can be determined from the record that such materials were actually presented to the trial court for its consideration prior to its ruling on the motion. However, no such determination is possible here.

■ Considering the record as it existed at the time of the trial court's ruling, there can be no doubt that the trial court properly granted Lavonne's motion for summary judgment and denied the Propp children's motion. The only support for the Propp children's claim to beneficiary status is a copy of a letter that was prepared by an employee of an insurance agency at the behest of an unidentified male individual who telephoned or visited the insurance agency, the original of which was sent to Harold for his signature, but has not been seen since. Under the principles previously discussed governing the validity of a change of beneficiary, this is clearly an insufficient

factual basis to support the Propp children's claim to the death benefit.

Even were we to assume, for the sake of argument, that the affidavits and other materials relied on by the Propp children were before the trial court at the time of its ruling, the result would be no different. As noted above, in *Dooley* our supreme court endorsed a substantial compliance rule requiring the annuitant's " 'concrete attempt to carry out his intention [to change beneficiaries] as far as was reasonably in his power.' " (*Dooley*, 92 Ill. 2d at 486, quoting 7 S. Williston, Contracts §916, at 484-85 (3d ed. 1963).) The *Dooley* court also quoted favorably from Couch's treatise, to the effect that " '[t]he mere fact that the insured takes preliminary steps with the intent of ultimately effecting a change of beneficiary does not in itself constitute substantial compliance and a change of beneficiary does not result therefrom.' " (92 Ill. 2d at 486, quoting 5 Couch on Insurance 2d §28:75, at 179 (M. Rhodes rev. (1960).) Given the requirements of the annuity contract, even if it was Harold who contacted First Service, this was merely a preliminary step. Moreover, the record does not show that Harold did all that was reasonably within his power to carry out an intention to change the beneficiaries. Presumably, after the conversation with Mr. Hutmacher, Harold would be aware that he needed to sign and return the letter Mr. Hutmacher prepared. Nothing in the record explains why Harold failed to do so. It is possible that Harold did not receive the letter, but if this was the case, presumably Harold would have made further efforts to contact First Service.

Citing *Travelers Insurance Co. v. Smith* (1982), 106 Ill. App. 3d 318, the Propp children contend that because the case at bar is an interpleader action, and John Alden Insurance is therefore protected from double liability, the failure to comply with "technical requirements" will not defeat an attempt to change beneficiaries. However, the relaxation of "technical requirements" does not mean that a change of beneficiaries will be given effect absent *substantial compliance* with the requirements of an insurance policy or annuity contract. The *Smith* court observed a distinction in this regard, noting that "[r]equiring the insured to at least substantially comply with the policy provisions ensures that his intent is clearly manifested. But technical compliance with the policy provisions is solely for the benefit of the insurer, to protect it from paying the wrong person and being forced to pay twice." (106 Ill. App. 3d at 321.) In *Smith* the insured under a group life insurance policy submitted a change of beneficiary form to his employer, but the employer rejected it because it con-

tained the signature of only one witness instead of two. The insured obtained a second signature, but did not resubmit the form to his employer, and it was found among his possessions after his death. The source of the requirement that the insured's signature be witnessed was unclear, but the court stated:

"[E]ven if we assume that the insurer did require the signatures of two witnesses and that the insured was informed of this requirement when he was first given the insurance form, it would appear, absent evidence to the contrary, that *at least the requirement of two witnesses rather than one* was not for the purpose of manifesting the intent of the insured but merely to protect the insurer. This, then, would be the type of technical requirement waived when the insurer filed its interpleader action." (Emphasis added.) (106 Ill. App. 3d at 322.)

Unlike the technical requirement in *Smith* of a specific number of witnesses, the requirement that there at least be a signed writing documenting the change of beneficiary clearly serves the purpose of manifesting the annuitant's intent, provides comparatively reliable evidence of that intent and substantially reduces the risk of fraud, which is an obvious danger in cases of this sort. While we are aware of *dictum* in *Principal Mutual Life Insurance Co. v. Juntunen* (1989), 189 Ill. App. 3d 224, 228, stating that a provision requiring a change of beneficiary to be in writing "is primarily for the benefit of the insurance company," we believe such provisions also clearly serve to safeguard the interests of properly designated beneficiaries even where there is no danger of prejudice to the insurer or issuer of an annuity. Accordingly, the requirement that a change of beneficiary be set forth in a signed writing is one that should not be dispensed with lightly as a mere "technical requirement," and we find *Smith* to be inapposite in this regard.

The Propp children refer to our supreme court's observation in *Dooley* based upon its review of the case law, that "where the courts have been convinced that no doubt as to decedent's intent existed, that intent has been implemented despite what would appear to be substantial noncompliance with formal requirements." (*Dooley*, 92 Ill. 2d at 485.) The court qualified that observation, further noting that "where factors exist which tend to indicate some equivocation—to cast some doubt upon decedent's intent—the courts have generally held that the decedent did not substantially comply with all requirements, or did not do all he could do to effectuate the change, or both." (92 Ill. 2d at 486.) We do not believe the circumstances relied upon by the Propp children establish Harold's intent to change the

beneficiaries with sufficient clarity to permit relaxation of the requirement of substantial compliance.

The Propp children also rely on *Connecticut General Life Insurance Co. v. Gulley* (7th Cir. 1982), 668 F.2d 325, and *State Employees' Retirement System v. Taylor* (1985), 131 Ill. App. 3d 997, in support of their argument that Harold's actions combined with other evidence of his intent is sufficient to effectuate a change of beneficiary. We find these cases to be distinguishable since in both cases there was written evidence manifesting the decedent's intent to designate new beneficiaries. In *Taylor*, the decedent sent a letter to the State Employees' Retirement System indicating that she wished to designate a new beneficiary whom she named in the letter. Although the decedent did not complete and return a change of beneficiary form that had been sent to her in response to her letter, a majority of the court concluded, in essence, that under the circumstances of the case the original letter was sufficient to constitute a change of beneficiaries as between the parties. (*Taylor*, 131 Ill. App. 3d at 1001.) In *Gulley*, the decedent who was insured under a group life insurance policy properly executed a change of beneficiary form in the presence of a witness and then left the form with his daughter (the new beneficiary), indicating that he would return to get the form and would then deliver it to his employer as required by the insurance policy. Shortly thereafter, before retrieving the change of beneficiary form from his daughter, the decedent suffered a fatal heart attack. The court noted that, generally, where courts have found the change of beneficiary to be effective, "the insured took a number of positive steps to change the beneficiary, but unusual circumstances prevented strict compliance with the terms of the policy." (*Gulley*, 668 F.2d at 327.) Although there were no unusual circumstances that prevented the decedent from delivering the change of beneficiary form to his employer, noting that the decedent died unexpectedly and that there were no accusations of fraud or duress, the court held that the requirement of substantial compliance had been satisfied since the decedent completed every necessary step except the final step of actually delivering the change of beneficiary form to his employer. (Compare *Gulley*, 668 F.2d 325, with *Rendleman v. Metropolitan Life Insurance Co.* (7th Cir. 1991), 937 F.2d 1292, 1297 (where decedent told a co-worker that he would have to change his beneficiary so his ex-wife would not receive death benefit and decedent may have obtained, but apparently never completed or returned, the appropriate beneficiary designation form, "[t]here was insufficient evidence of concrete action taken by [the decedent] to effectuate his expressed intent to change his benefi-

ciary").) Because Harold did not prepare or sign any written document in the case at bar, *Taylor* and *Gulley* are inapposite.

The trial court correctly determined that the Propp children failed to supply a sufficient factual basis showing an effective change of beneficiary. Accordingly, the trial court correctly concluded that Lavonne, the original beneficiary, was entitled to judgment as a matter of law and properly granted her motion for summary judgment.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

WOODWARD and GEIGER, JJ., concur.