Barbara **STERNITZKE**, Executrix and Trustee of the Estate of Percy Roscetti, Deceased, Plaintiff—Third/Party Defendant—Appellant—Cross–Appellee,

v.

**PRUCO LIFE INSURANCE COMPANY**, Defendant—Third/Party Plaintiff—Appellee—Cross–Appellant,

v.

Lorraine **ARKEMA**, et al., Third/Party Defendants—Appellees.

Nos. 02–3008, 02–3171.

United States Court of Appeals, Seventh Circuit.

Argued April 2, 2003.

Decided May 7, 2003.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

Over the years, Percy Roscetti acquired various annuity contracts with PFL Life Insurance Company and Pruco Life Insurance Company. He was concerned about estate taxes so, after consulting with an attorney, he decided to establish a trust to be funded by the annuity benefits. According to his attorney, Roscetti's plan was to funnel all the proceeds from the annuity contracts to the newly-created Roscetti Revocable Trust and to name new beneficiaries in a pour-over will executed at the same time. His attorney contacted PFL and Pruco and asked for the forms necessary to change the owner and beneficiaries. His attorney returned completed change of ownership forms and both companies responded within a few days. PFL confirmed a change of ownership, listing the beneficiaries as the ones identified in the contracts. Pruco sent a letter informing Roscetti that the change of ownership could not be processed until the company received a Trustee Statement and Agreement Form. That form was never sent to Pruco. Neither company received the forms required to change the beneficiaries, but after Roscetti's death, a PFL form, naming the Trust as the new beneficiary, was found among his papers. It was signed but not dated.

The plaintiff is Roscetti's successor trustee. She asked the insurance companies to pay the proceeds of the contracts to the Trust, and after both refused, filed this suit in state court. The insurance companies removed to federal court and joined all the individuals named as beneficiaries in the annuity contracts. After the companies deposited the proceeds of the contracts with the court, the court terminated the claims against them and, on cross motions for summary judgment, ruled in favor of the beneficiaries named in the contracts, holding that Roscetti had not completed all the necessary documents to make the Trust the new beneficiary. The district court also granted in part Pruco's request for attorney's fees and costs associated with its instituting and participating in the interpleader action. Finding the requested fees excessive, the court reduced them by half, awarding $8,906.00 in attorney fees and $656.81 in costs. The trustee appeals the district court's grant of summary judgment in favor of the beneficiaries named in the policies[1] and disputes its decision to award fees to Pruco.

## ANALYSIS

### A. Change of Beneficiary

Under Illinois law (which the parties agree applies), if a policy prescribes the method for changing beneficiaries, that method is exclusive and a change by any other means is generally ineffectual. *See John Alden Life Ins. Co. v. Propp,* 255

---

1. The beneficiaries named in the PFL policies have not filed briefs or otherwise participated in these appeals. We will therefore decide the trustee's appeal of the court's decision to grant summary judgment in favor of the PFL beneficiaries based on the record below and the trustee's brief. See *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l*

*Ill. Nat'l Bank and Tr. Co.,* 858 F.2d 1264, 1270–71 (7th Cir.1988); *see also Casco Indem. Co. v. R.I. Interlocal Risk Mgmt. Tr.,* 113 F.3d 2, 3–4 (1st Cir.1997); *Allgeier v. United States,* 909 F.2d 869, 871–72 n. 3 (6th Cir. 1990); *Teamsters, Chauffeurs, Warehousemen & Helpers Local Union 524 v. Billington,* 402 F.2d 510, 511 (9th Cir.1968).

Ill.App.3d 1005, 194 Ill.Dec. 366, 627 N.E.2d 703, 706 (Ill.App.Ct.1994); *Kniffin v. Kniffin,* 119 Ill.App.3d 106, 74 Ill.Dec. 938, 456 N.E.2d 659, 661 (Ill.App.Ct.1983). Courts have sometimes allowed the insured relief in equity even without exact compliance with the conditions prescribed by the policy, but to warrant this relief, the insured must have substantially complied with the policy terms. *Propp,* 255 Ill.App.3d 1005, 194 Ill.Dec. 366, 627 N.E.2d 703, 706. Substantial compliance requires (1) a clear expression of the insured's intent to change beneficiaries and (2) his concrete attempt to carry out that intent as far as was reasonably in his power. *Dooley v. James A. Dooley Assocs. Employees Retirement Plan,* 92 Ill.2d 476, 65 Ill.Dec. 911, 442 N.E.2d 222, 226 (Ill.1982); *Aetna Life Ins. Co. v. Wise,* 184 F.3d 660, 663–64 (7th Cir.1999). If factors exist that may suggest some equivocation as to the insured's intent, courts have generally held that the insured did not substantially comply with the policy requirements. *See Dooley,* 65 Ill.Dec. 911, 442 N.E.2d at 226; *see also Young v. Am. Standard Life Ins. Co.,* 398 Ill. 565, 76 N.E.2d 501, 502–03 (Ill.1948).

▮ Roscetti took some steps to name the Trust as owner and beneficiary of the annuity contracts, but these actions were not sufficient to show substantial compliance. For instance, with respect to the PFL policies, even though Roscetti submitted the forms required to change ownership, he never submitted the ones to change beneficiaries. And although he apparently completed and signed the change of beneficiary forms that were found among his papers after his death, he did not date or return them to PFL. Illinois courts have found that an unreasonable delay in returning change of beneficiary forms "may manifest [a] change in the insured's intention or otherwise vitiate [a showing of] substantial compliance." *Travelers Ins. Co. v. Smith,* 106 Ill.App.3d

318, 62 Ill.Dec. 216, 435 N.E.2d 1188, 1191 (Ill.App.Ct.1982). Even though the length of delay cannot be determined since the forms are not dated, the very fact that they remained undated and in Roscetti's possession casts doubt on his intent to complete the process.

Similarly, Roscetti did not do all he reasonably could have done with respect to Pruco's annuity contracts. Pruco notified Roscetti by letter that the change of ownership could not be processed until it received the additional paperwork. Although the trustee argues that there is no evidence that Roscetti received or understood the letter, Pruco's change of ownership form (which Roscetti had earlier signed and returned to Pruco) specified that a Trustee Statement and Agreement Form was required if the new owner was a trust. Furthermore, Roscetti should have been aware of the requirements for changing beneficiaries, having successfully complied with Pruco's requirements to do so in the past. His failure to submit these forms therefore makes it impossible to discern an "unequivocal intent on [his] part." *See Dooley,* 65 Ill.Dec. 911, 442 N.E.2d at 227 (handwritten changes and decedent's communication with attorney insufficient to show substantial compliance when, having complied with policy terms in the past, testator knew that signed, typewritten changes were required). As in *Dooley,* the evidence indicates that Roscetti contemplated changing beneficiaries and had done some work in that regard, but more importantly, it also indicates that, based on past experience, Roscetti "knew his work was not complete." *Id.*

The trustee argues that Roscetti's prior knowledge of the policy requirements is irrelevant because the creation of the Trust and pour-over will contemplated a significantly different estate plan–one that required directing his assets into the Trust. Even if the trustee's assertions are

accurate, the estate plan, while some evidence of Roscetti's intent, does not eliminate all doubt such that unequivocal intent to change beneficiaries may be inferred. *See, e.g. Kniffin,* 74 Ill.Dec. 938, 456 N.E.2d at 662 (unequivocal intent established only if there is "no doubt as to decedent's intent"). Roscetti knew or should have known that the beneficiaries had not been changed, because he received but did not return the PFL form and because Pruco's letter notified him that his attempted change of ownership had not been processed. No jury could reasonably conclude from this evidence an unequivocal intent to bring his purported estate plan to fruition.

### B. Attorney's Fees and Costs

We review a district court's assessment of attorney's fees and costs for abuse of discretion. *Harman v. Lyphomed, Inc.,* 945 F.2d 969, 973 (7th Cir.1991). A court may award reasonable fees in an interpleader action, *Union Central Life Ins. Co., v. Hamilton Steel Prods., Inc.,* 493 F.2d 76, 79 (7th Cir.1974), but when the stakeholder's efforts are part of its normal course of business, courts generally do not award fees. *See, e.g., Travelers Indem. Co. v. Israel,* 354 F.2d 488, 490 (2nd Cir. 1965).

█ Plaintiff does not take issue with the test applied by the district court but differs in her interpretation of the facts and urges this court to regard Pruco's actions as calculated to promote its own interest. The district court found, however, that Pruco engaged in "involved and protracted" efforts to locate and serve the interested parties (21 persons located in the United States and abroad) and that it properly removed the action to federal court to ensure the court's jurisdiction over all the parties. It also found that Pruco's actions were not in the normal course of its business. We see no reason to disturb these findings, which are not unreasonable given the facts.[2]

### CONCLUSION

Roscetti's attempt to change beneficiaries was ineffectual and did not substantially comply with the policy requirements. The court's award of attorney's fees and costs to Pruco was not an abuse of its discretion. The judgment of the district court is therefore AFFIRMED.

---

**2.** Pruco's argument on its cross appeal–that the district court erred in not granting the full fees requested–consists of three conclusory assertions (and a citation to an unpublished district court decision in which the court awarded similar fees in another case) and is therefore waived. *See Stein v. Ashcroft,* 284 F.3d 721, 725 (7th Cir.2002) (citing *Tyler v. Runyon,* 70 F.3d 458, 465 (7th Cir.1995) ("[I]f an appellant fails to make minimally complete and comprehensible argument for each of his claims, he loses regardless of the merits of those claims as they might have appeared on a fuller presentation.")).